The PEOPLE of the State of
Colorado, Complainant,

v.

James E. MASSON II,
Attorney–Respondent.

No. 89SA359.

Supreme Court of Colorado,
En Banc.

Oct. 16, 1989.

Linda Donnelly, Disciplinary Counsel, and John S. Gleason, Asst. Disciplinary Counsel, Denver, for complainant.

James E. Masson II, Delta, pro se.

Chief Justice QUINN delivered the Opinion of the Court.

In this disciplinary proceeding, a complaint was filed with the Grievance Committee charging the respondent, James E. Masson II, with unprofessional conduct in connection with his representation of a client on a claim for a wrongful dismissal and breach of contract. Subsequent to the filing of the complaint, the respondent and the Assistant Disciplinary Counsel entered into a written stipulation of fact and consent to discipline in the form of either a private censure or a thirty-day suspension, conditioned on the approval of this court. We accept the stipulation of fact and suspend the respondent from the practice of law for a period of thirty days.

The respondent was admitted to the practice of law in the state of Colorado on October 26, 1976, and is subject to the jurisdiction of this court and its Grievance Committee. On February 19, 1985, the complainant, Patricia Anne Reece, a nursing student at Delta–Montrose Vocational/Technical College, was dismissed from the college for allegedly violating the privacy of a patient and for excessive absenteeism. Ms. Reece retained the respondent on February 21, 1985 to contest the dismissal. The respondent challenged the dismissal at an administrative hearing on April 15, 1985, but the hearing officer ruled against Ms. Reece. The respondent thereafter unsuccessfully appealed the ruling, and in July of 1985 filed a notice of claim with the State of Colorado.

On or about June 30, 1986, the respondent filed on Ms. Reece's behalf a civil action for wrongful dismissal and breach of contract. The case was filed in the District Court of Delta County and was entitled *Patricia A. Reece v. Delta Montrose Area Vocational/Technical School, et al.* In November, 1986, the defendants filed a motion for summary judgment. The respondent failed to answer the motion, and also failed to advise Ms. Reece of his failure to do so. The court, on January 13, 1987, deemed the defendants' motion for summary judgment confessed, based on the respondent's failure to answer the motion,

and dismissed Ms. Reece's complaint. Approximately one month later the court conducted a status conference on the issue of attorney fees for the defendants' attorney. Although notified of the conference, the respondent neither informed Ms. Reece of the conference nor appeared at the conference. The court assessed $2,000 in attorney fees and costs against Ms. Reece.

■ The respondent and the Assistant Disciplinary Counsel stipulated that the respondent's misconduct violated the following disciplinary rules of the Code of Professional Responsibility: DR 1–102(A)(1) (violation of a disciplinary rule); DR 6–101(A)(3) (neglect of a legal matter); DR 7–101(A)(1) (intentionally failing to seek the lawful objectives of a client through reasonable means permitted by law); and DR 7–101(A)(2) (failure to carry out a contract of employment entered into with a client for professional services). In the stipulation, the respondent requests that this court impose a private censure, and the Assistant Disciplinary Counsel recommends a thirty-day suspension, with both consenting to any form of discipline not exceeding a thirty-day suspension. A hearing panel of the Grievance Committee recommended that the respondent receive a public censure and that he be ordered to reimburse Ms. Reece for the attorney fees assessed against her.

■ We approve the stipulation of fact, but enter an order suspending the respondent from the practice of law for a period of thirty days. Suspension is an appropriate sanction when, as here, a lawyer knowingly fails to perform services for a client and causes injury or potential injury to the client, or engages in a pattern of neglect and thereby causes injury or potential injury to the client. *ABA Standards for Imposing Lawyer Sanctions* § 4.42 (1986). The respondent in this case not only neglected the claim of his client, but intentionally failed to protect Ms. Reece's civil claim by diligently defending against the motion for summary judgment filed by the defendants in Ms. Reece's lawsuit against them. The injury caused to Ms. Reece was not confined to the dismissal of her complaint. Ms. Reece was also required to pay, as a result of the respondent's failure to appear for a scheduled conference, attorney fees and costs in the amount of $2,000. Moreover, the stipulation executed by the respondent and the Assistant Disciplinary Counsel expressly acknowledges that the respondent received a prior letter of admonition in 1987 for neglect in failing to meet a deadline. Under the totality of circumstances present here, we believe that any sanction less than a suspension would unduly detract from the seriousness of the respondent's misconduct in the eyes of the public and the legal profession.

It is accordingly ordered that the respondent, James E. Masson II, be suspended from the practice of law for a period of thirty days, effective thirty days after the date of this opinion. The respondent is ordered to comply with the provisions of C.R.C.P. 241.21 relating to the termination of all legal matters, the giving of notice to all clients and opposing counsel, and the maintenance of appropriate records as proof of compliance. The respondent is also ordered to reimburse Ms. Reece for the attorney fees and costs assessed against her within 120 days of this date.