The PEOPLE of the State of
Colorado, Complainant,

v.

Dan B. FAHRNEY,
Attorney–Respondent.

No. 89SA261.

Supreme Court of Colorado,
En Banc.

Oct. 16, 1989.

Linda Donnelly, Disciplinary Counsel, and John S. Gleason, Asst. Disciplinary Counsel, Denver, for complainant.

Dan B. Fahrney, Lakewood, pro se.

Chief Justice QUINN delivered the Opinion of the Court.

A complaint was filed with the Grievance Committee charging the respondent, Dan B. Fahrney, with two counts of professional misconduct arising out of his representation of clients in separate matters involving the dissolution of a marriage and a child custody proceeding. The respondent failed to answer the complaint and a default was entered against him. The Grievance Committee entered findings of fact and recommended that the respondent be suspended for a period of thirty to sixty days and that he be assessed the costs of the grievance proceeding. We now adopt the findings and recommendation of the Grievance Committee and suspend the respondent from the practice of law for a period of sixty days.

The respondent was admitted to the practice of law in the state of Colorado on April 15, 1971, and is subject to the jurisdiction of this court and its Grievance Committee. Based on the respondent's default and various exhibits admitted into evidence at the grievance hearing, a hearing board of the Grievance Committee made factual findings with respect to the charges of professional misconduct.

On the first count, the hearing board found that on December 1, 1985, Debra Hutson retained the respondent to represent her in an action for the dissolution of her marriage. Mrs. Hutson paid the respondent a retainer of $250 and an additional $300 during the course of the dissolution proceeding. Pursuant to a stipulation for temporary orders presented to the court on March 28, 1986, the court ordered the respondent to submit a written order within fifteen days, but the respondent failed to do so. At a hearing held on December 23, 1986, the court ordered Debra Hutson to execute a $10,000 promissory note and deed of trust in favor of her husband in consideration of a quit claim deed from the husband. In spite of repeated requests from the attorney for the husband, the respondent failed to prepare the promissory note and deed of trust on behalf of Mrs. Hutson. On July 13, 1987, the attorney for the husband filed a C.R. C.P. 70 motion requesting the court to appoint a person to execute the necessary documents. The respondent, in spite of being served with a copy of the C.R.C.P. 70 motion, failed to respond. On August 12, 1987, the court granted the motion and awarded attorney fees to the husband's attorney in the amount of $200. Mrs. Hutson paid this amount to her husband's at-

torney in order to comply with the court order.

With respect to the second count, the hearing board found that on October 6, 1986, Bill and Brenda LaGrange retained the respondent to represent them in obtaining legal custody of Mr. LaGrange's child from his former wife. The LaGranges paid the respondent an initial fee of $75. The respondent prepared a stipulation for amending the permanent orders by which custody had been awarded to Mr. LaGrange's former wife. On April 22, 1987, Mr. LaGrange appeared at his former wife's home and demanded that she return the child to him pursuant to the stipulation. His former wife told Mr. LaGrange that the stipulation was not legal, since it had not been filed with the court. Mr. LaGrange immediately telephoned the respondent, who told LaGrange that he believed the stipulation had been filed with the court. The next day the respondent's secretary admitted to Mr. LaGrange that the stipulation had not been sent to his former wife's attorney or to the court. Although the respondent assured Mr. and Mrs. LaGrange that he would immediately file the stipulation with the court, he again failed to do so.

On August 30, 1987, when Mr. LaGrange's former spouse refused to return the child to Mr. LaGrange after a visitation, the LaGranges contacted the respondent in an effort to enforce the child custody stipulation. The respondent told the LaGranges that he had not filed the stipulation and that he could not reach opposing counsel to determine the status of custody. Mr. and Mrs. LaGrange thereupon discharged the respondent and retained other counsel.

The hearing board of the Grievance Committee determined that the respondent had violated the following Disciplinary Rules of the Code of Professional Responsibility and that these violations constituted grounds for discipline pursuant to C.R.C.P. 241.6(1): DR 6-101(A)(3) by neglecting the legal matters entrusted to him by Mr. Hutson and Mr. and Mrs. LaGrange; DR 7-101(A)(1) by intentionally failing to seek the lawful ob-

jectives of Mrs. Hutson and Mr. and Mrs. LaGrange; DR 7-101(A)(2) by intentionally failing to carry out his contracts for professional services with Mrs. Hutson and with Mr. and Mrs. LaGrange; and DR 1-102(A)(5) by engaging in conduct prejudicial to the administration of justice in the course of his representation of Mrs. Hutson. Although the respondent had no prior disciplinary record, the hearing board concluded that his pattern of misconduct and his failure to answer the grievance complaint constituted aggravating factors warranting a suspension for thirty to sixty days. A hearing panel of the Grievance Committee approved the findings and recommendation of the hearing board.

We accept the Grievance Committee's report and recommendation. "Suspension should be imposed when a lawyer knows that he is not performing the services requested by a client, but does nothing to remedy the situation, or when a lawyer engages in a pattern of neglect, with the result that the lawyer causes injury or potential injury to a client." ABA Standards for Imposing Lawyer Sanctions § 4.42, commentary (1986). The respondent's misconduct in this case reflects a continued dereliction of professional responsibilities over an extended period of time and resulted in a monetary loss to Mrs. Hutson and considerable emotional distress to the LaGranges. Under these circumstances, a sixty-day period of suspension represents a sanction commensurate with the nature and extent of the respondent's professional misconduct.

The respondent is accordingly suspended from the practice of law for a period of sixty days, effective thirty days subsequent to the date of this opinion. The respondent is ordered to comply with the provisions of C.R.C.P. 241.21 relating to the termination of all legal matters, the giving of notice to all clients and opposing counsel, and the maintenance of appropriate records as proof of compliance. The respondent is also ordered to pay the costs of these proceedings in the amount of $222.20 by tendering such sum to the Grievance Committee, 600 17th Street,

500–A Dominion Plaza, Denver, Colorado 80202, within thirty days of this date.