The PEOPLE of the State of
Colorado, Complainant,

v.

James Stephen CREASEY,
Attorney–Respondent.

No. 90SA80.

Supreme Court of Colorado,
En Banc.

June 25, 1990.

Linda Donnelly, Disciplinary Counsel, George S. Meyer, Deputy Disciplinary Counsel, Denver, for complainant.

James Stephen Creasey, pro se.

**PER CURIAM.**

In April 1989, a complaint was filed with the Grievance Committee charging respondent, James Stephen Creasey, with professional misconduct while representing three clients and in failing to cooperate in the grievance proceedings. A hearing was conducted on September 26, 1989, at the conclusion of which the hearing board recommended that respondent be suspended from the practice of law for a period of ninety days; that he pay restitution to one client in the amount of $2,000; and that as a condition of reinstatement he be required to make a showing by clear and convincing evidence that he was rehabilitated from emotional difficulties which contributed to his professional misconduct. The hearing panel approved those recommendations. We conclude that respondent should be suspended from the practice of law and pay the recommended restitution.

## I

Respondent was admitted to the Bar of this court on October 21, 1976, and accordingly is subject to the jurisdiction of this court and of the Committee. C.R.C.P. 241.-1(b). The respondent was previously disciplined by letters of admonition in October 1983 and November 1985 for conduct demonstrating neglect of legal matters.

## II

### A

In February 1986, a complaint was filed against Anchor Building and Supply, Inc. (Anchor) and a co-defendant alleging various damage claims in connection with the construction of a hospital. On July 29, 1986, Anchor filed a third-party complaint against Ralph Henderson, an architect. Respondent agreed to represent Henderson and on August 28, 1986, filed an answer, counterclaim and motion to dismiss.

On October 1, 1986, the plaintiff in the action filed an amended complaint designating Henderson as a defendant. Respondent failed to answer the amended complaint, and the plaintiff obtained a default against Henderson on December 16, 1986. The trial court subsequently set aside the default.

Respondent also failed to respond timely and fully to discovery requests propounded by Anchor's attorney in the third-party litigation. Consequently, Anchor's attorney filed a motion to compel discovery. The trial court granted the motion and ordered Henderson to pay a $50 attorney fee to Anchor's attorney. Respondent did not inform Henderson of the order. When Henderson failed to pay the fee, Anchor filed a motion for sanctions and the trial court ultimately entered an order dismissing Henderson's counterclaim against Anchor. Respondent took no action with respect to that order.

Henderson retained the services of another attorney in January 1988. Respondent delivered a file of Henderson's case to the new attorney, but the file was not complete. The new attorney discovered the existence of orders imposing sanctions on Henderson only after a review of the official court file. Henderson ultimately paid $2,000 to Anchor to settle the case.

The hearing board and hearing panel concluded that the foregoing conduct of respondent violated C.R.C.P. 241.6 and DR1-102(A)(1) (violating a disciplinary rule), DR1-102(A)(5) (engaging in conduct prejudicial to the administration of justice), DR6-101(A)(2) (handling a legal matter

without adequate preparation), DR6–101(A)(3) (neglecting a legal matter), DR7–101(A)(1) (intentionally failing to pursue a client's interests), DR7–101(A)(2) (intentionally failing to carry out a contract of employment), DR7–101(A)(3) (intentionally prejudicing or damaging a client during the course of representation), and DR7–106(A) (disregarding a ruling made in the course of a proceeding by a tribunal). We agree with those conclusions.

B

In July 1987, while representing a client in dissolution of marriage proceedings, respondent failed to reply to discovery requests of opposing counsel. At a hearing on opposing counsel's motion for sanctions, respondent admitted neglect. The trial court ordered respondent to pay opposing counsel's attorney fees. Respondent did not pay the fees until the opposing counsel filed a grievance against respondent.

The hearing board and hearing panel concluded that the foregoing misconduct violates C.R.C.P. 241.6 and DR1–102(A)(1) (violating a disciplinary rule), DR1–102(A)(5) (engaging in conduct prejudicial to the administration of justice), DR6–101(A)(3) (neglecting a legal matter) and DR7–106(A) (disregarding a ruling of a tribunal made in the course of a proceeding). We agree with these conclusions.

C

In March of 1988, Richard G. Horstman paid a $500 retainer fee to respondent to secure representation in connection with criminal and administrative proceedings arising from Horstman's operation of an automobile. Respondent agreed to permit Horstman to use respondent's address for communication with the Department of Motor Vehicles (the Department) in regard to an anticipated administrative hearing regarding the status of Horstman's driver's license, to obtain Horstman's driving records from Iowa and Texas, and to obtain an independent laboratory analysis of a sample of Horstman's blood.

In April of 1988, respondent transferred his law practice to his private residence.

He did not leave forwarding instructions with the receptionist at the prior location of his office. Consequently, neither he nor Horstman received a notice of the date of Horstman's administrative hearing, and the Department revoked Horstman's license on May 16, 1988. Horstman was not aware of this proceeding.

Horstman obtained new counsel in June 1988, and advised respondent of that fact by mail. Horstman directed respondent to transmit Horstman's file, to advise the new attorney of any pending court dates, to provide an accounting and, if applicable, to refund a portion of the initial retainer fee. Although respondent promptly mailed a completed substitution of counsel form to Horstman, he did not deliver any documents to Horstman until late July 1988, and those documents did not include any request for Horstman's Texas or Iowa driving records. Respondent had not provided Horstman with an accounting as of September 26, 1989.

The hearing board and hearing panel concluded that the foregoing conduct of respondent violated C.R.C.P. 241.6 and DR1–102(A)(1) (violating a disciplinary rule), DR2–110(A)(2) (withdrawing as counsel for a client without delivering to the client all papers and property to which the client is entitled), DR2–110(A)(3) (withdrawing as counsel for a client without refunding unused retainer fee), DR6–101(A)(3) (neglecting a legal matter), DR7–101(A)(3) (intentionally prejudicing or damaging a client while representing the client), DR9–102(B)(3) (failing to render accounting), and DR9–102(B)(4) (failing to deliver funds to a client). We agree with those conclusions.

D

Although he received notices of the three grievances filed against him in this case, respondent failed to cooperate with the Committee during the initial investigation of the allegations of professional misconduct. Respondent insisted on participating by telephone in the disciplinary hearing although urged by the Committee to appear in person. Respondent did advise the

hearing board that he was undergoing treatment for what he characterized as an inability to follow through on responsibilities. Respondent's treating physician advised the hearing board by a letter that in his opinion respondent had experienced emotional difficulties during the past several years, that respondent was responding to treatment and that respondent's prognosis was good.

## III

Respondent has not contested the findings of the hearing board concerning his prolonged course of professional misconduct. The hearing board concluded that respondent's conduct was characterized by the following aggravating factors as identified in the American Bar Association *Standards for Imposing Lawyer Sanctions* (hereinafter *Standards*): a pattern of misconduct involving multiple offenses, *Standards* § 9.22(c); intentional failure to cooperate with grievance proceedings, *Standards* § 9.22(e); substantial experience with the practice of law, *Standards* § 9.22(i); and previous disciplinary history, *Standards* § 9.22(a). The hearing board also concluded that the following mitigating factors were present: an absence of dishonest or selfish motive, *Standards* § 9.3(b); presence of emotional problems contributing to the professional misconduct, *Standards* § 9.3(c); and a demonstration of genuine remorse, *Standards* § 9.3(*1*). These conclusions are warranted by the hearing board's findings.

Respondent repeatedly failed to reasonably fulfill his responsibilities as an attorney representing his clients and as an officer of the court. Although we recognize that mitigating as well as aggravating factors are present, we conclude that suspension is an appropriate sanction for his professional misconduct, as recommended by the Committee.

Accordingly, respondent is hereby ordered suspended from the practice of law for a period of ninety days, commencing the effective date of this opinion. *See* C.R. C.P. 241.21(a). The respondent is further ordered to pay to Henderson the sum of $2,000, together with interest at the rate of nine percent from the date Henderson paid that sum to Anchor, within ninety days of the date of this order. Respondent is further ordered to pay the costs of these proceedings, in the amount of $314.65, to the Grievance Committee, 600—17th Street, Suite 500-S, Denver, Colorado 80202–5435, within ninety days of the date of this order. The respondent shall comply with the provisions of C.R.C.P. 241.22(c) prior to reinstatement.