The **PEOPLE of the State of Colorado, Complainant,**

v.

**Samuel Nathan CRIMALDI, Attorney–Respondent.**

No. 90SA242.

Supreme Court of Colorado, En Banc.

Jan. 28, 1991.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Asst. Disciplinary Counsel, Denver, for complainant.

No appearance for respondent.

PER CURIAM.

In this attorney discipline case, a hearing panel of the Supreme Court Grievance Committee approved the findings of fact and recommendation of a hearing board. The respondent did not appear or answer the complaint, and he has not appeared or filed exceptions to the hearing panel's report in this court. *See* C.R.C.P. 241.13(b), 241.20(b).

The hearing board determined that the respondent engaged in conduct involving misrepresentation, neglected a legal matter entrusted to him, intentionally failed to seek the lawful objectives of his client, intentionally failed to carry out a contract of employment, failed to return client property and funds to which the client was entitled, and failed to cooperate with the grievance committee without good cause. The board recommended that the respondent be suspended for thirty days, pay restitution to a client, and be assessed the costs of the proceedings. We approve the report of the hearing panel, except for the recommendation of a thirty-day suspension. We conclude that the respondent should be suspended for sixty days,[1] pay restitution, and be assessed the costs of these proceedings.

I.

The respondent was admitted to the bar of this court on June 27, 1983, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court in all matters relating to the practice of law. C.R.C.P. 241.1(b). Count I of the complaint charged the respondent with violations of C.R.C.P. 241.6 (grounds for attorney discipline); DR 1–102(A)(1) (a lawyer shall not violate a disciplinary rule); DR 1–102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 6–101(A)(3)

(a lawyer shall not neglect a legal matter entrusted to him); DR 7–101(A)(1) (a lawyer shall not intentionally fail to seek the lawful objectives of his client through reasonably available means); DR 7–101(A)(2) (a lawyer shall not intentionally fail to carry out a contract of employment); and DR 9–102(B)(4) (a lawyer shall promptly pay or deliver to his client as requested by the client the funds, securities or other properties of the client in the possession of the lawyer which the client is entitled to receive).

Count II of the complaint charged the respondent with violation of C.R.C.P. 241.-6(7) (failure to respond to a request of the grievance committee without good cause shown). The respondent did not appear or answer the complaint, and the allegations of fact in the complaint were deemed admitted because of the entry of a default. C.R.C.P. 241.13(b); *People v. Trevino*, 803 P.2d 473, 473 (Colo.1990); *People v. Richards*, 748 P.2d 341, 347 (Colo.1987). The facts as found by the hearing board are as follows.

In early December 1987, William F. Massey retained the respondent to prepare two wills and to review and update Massey's corporate papers. Massey paid the respondent $250 as a retainer for these legal services. The respondent indicated that the wills would be completed in February 1988. When Massey contacted the respondent in February, the respondent stated that he needed additional information to complete the wills. Massey provided this information within one week, and then waited several months before attempting, unsuccessfully, to contact the respondent by telephone. The respondent did not return Massey's calls.

After Massey's repeated attempts to contact the respondent, the respondent told Massey that the wills would be completed the following week. The respondent failed to complete the wills or the requested corporate work.

---

**1.** Because the respondent defaulted, we do not consider it necessary to issue a rule to show cause why a more severe sanction should not be imposed.

In November 1988, Massey demanded that the respondent refund the $250 fee. Shortly thereafter, and almost a year after he agreed to prepare the wills, the respondent provided drafts of the wills to Massey. Massey rejected both wills because they were inaccurate and unsatisfactory. In early December 1988, Massey again asked the respondent to refund the legal fee Massey had paid, and to return Massey's corporate papers. The respondent returned the corporate papers in late December 1988, and later told Massey that he would return the $250 retainer. The respondent, however, has failed to refund the retainer.

Massey filed a request for investigation of the respondent's conduct with the grievance committee on May 1, 1989. The respondent failed to file a response to the request for investigation. Although he was properly served with the citation and complaint, the respondent failed to appear or answer the complaint.

## II.

The hearing board concluded, and we agree, that the respondent's conduct violated DR 1–102(A)(4), DR 6–101(A)(3), DR 7–101(A)(1), DR 7–101(A)(2), and DR 9–102(B)(4). In addition, because of his unexcused failure to cooperate with the grievance committee, the respondent violated C.R.C.P. 241.6(7). By reason of the above, the respondent also violated C.R.C.P. 241.6 and DR 1–102(A)(1).

The respondent's failure to prepare the two wills promptly and professionally as he agreed was a serious breach of his duty as a lawyer. Delay in effecting an estate plan because of neglect in the preparation of a will may have serious consequences. The respondent's continued and chronic neglect over a period of almost a year must be considered willful. See People v. Barber, 799 P.2d 936, 940 (Colo.1990); People v. May, 745 P.2d 218, 220 (Colo.1987).

Under the American Bar Association's Standards for Imposing Lawyer Sanctions (1986) (ABA Standards), in the absence of aggravating or mitigating factors, suspension is an appropriate sanction when "(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client." ABA Standards 4.42. Suspension is also generally appropriate when a lawyer knowingly deals improperly with client property and causes injury or potential injury to the client, ABA Standards 4.12, and when a lawyer knowingly deceives a client and causes injury or potential injury to the client, ABA Standards 4.62.

The hearing board's findings establish or strongly suggest the presence of the following factors in aggravation: (1) a dishonest or selfish motive, ABA Standards 9.22(b); (2) bad faith obstruction of the disciplinary process by intentionally failing to comply with rules of the supreme court, ABA Standards 9.22(e); (3) a refusal to acknowledge the wrongful nature of the conduct, ABA Standards 9.22(g); and (4) indifference to making restitution by refusing to refund the unearned retainer, ABA Standards 9.22(j). Set against the pattern of the respondent's misconduct, the one factor in mitigation, the absence of a prior disciplinary record, ABA Standards 9.32(a), is of little weight.

The respondent's complete indifference to, and disregard of, the proceedings before the grievance committee and before this court distinguish this case from other cases where a thirty-day suspension was appropriate. See, e.g., People v. Masson, 782 P.2d 335, 336 (Colo.1989) (suspension for thirty days warranted where attorney knowingly fails to perform services for client, or engages in a pattern of neglect, causing injury or potential injury to client). We therefore reject the recommendation of the hearing panel for a thirty-day suspension as too lenient. See C.R.C.P. 241.15(c); People v. Flores, 772 P.2d 610, 614 (Colo. 1989); People v. Brown, 726 P.2d 638, 640–41 (Colo.1986). We conclude that a suspension for sixty days represents a sanction commensurate with the nature and extent of the respondent's misconduct. See People v. Fahrney, 782 P.2d 743, 744 (Colo. 1989) (neglecting legal matters, failing to carry out contracts for professional servic-

es and failing to seek the lawful objectives of clients, and engaging in conduct prejudicial to the administration of justice, in conjunction with the failure to answer the grievance complaint, warrant sixty-day suspension, even though attorney had no prior disciplinary record).

### III.

It is hereby ordered that Samuel Nathan Crimaldi be suspended from the practice of law for sixty days, effective thirty days after the issuance of this opinion. *See* C.R.C.P. 241.21(a). It is further ordered that Crimaldi be required, as a condition to reinstatement, to pay restitution to Massey in the amount of $250 plus statutory interest from December 15, 1987, until paid. Finally, it is ordered that Crimaldi pay the costs of this proceeding in the amount of $201.31 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80202.