The PEOPLE of the State of
Colorado, Complainant,

v.

William G. ROSS, Attorney–Respondent.

No. 91SA18.

Supreme Court of Colorado,
En Banc.

May 13, 1991.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Asst. Disciplinary Counsel, Denver, for complainant.

William G. Ross, pro se.

PER CURIAM.

This is an attorney discipline case. A hearing board of the Supreme Court Grievance Committee found that the respondent neglected a legal matter entrusted to him, intentionally failed to seek the lawful objectives of his client, and intentionally failed to carry out a contract of employment. The hearing panel approved the board's findings and conclusions, except for the board's recommendation that the respondent be suspended for thirty days. The panel recommended that the respondent be suspended for ninety days and be assessed the costs of the proceedings. Neither the assistant disciplinary counsel nor the respondent have excepted to the action taken by the panel. We accept the recommendation of the hearing panel.

I

The respondent was admitted to the bar of this court on October 1, 1971, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court. C.R.C.P. 241.1(b).

The respondent submitted an answer to the complaint filed by the assistant disciplinary counsel. The answer was stricken by order of the hearing board, however, when the respondent unjustifiably failed to comply with an order compelling discovery. See C.R.C.P. 37(b)(2). The respondent was considered to be in default and the factual allegations of the complaint were deemed admitted. See C.R.C.P. 241.13(b); People v. Crimaldi, 804 P.2d 863, 864 (Colo.1991). After receiving exhibits, and hearing the testimony of witnesses called by the assistant disciplinary counsel and by the respondent, the board found that the following facts were established by clear and convincing evidence.

The respondent was retained in late 1986 by the Buena Vista School District to represent its interests in litigation concerning its deposits in the Buena Vista Bank & Trust Company. The bank had failed in August 1986, and the school district was permitted to intervene in a lawsuit filed against the bank's receiver, the Federal Deposit Insurance Corporation. The F.D.I.C. eventually remitted the school district's funds, but erroneously included an overpayment of $103,000. When the error was discovered in February 1987, the F.D.I.C.'s attorney wrote to the respondent requesting that the school district refund the overpayment.

The respondent did not reply and did not notify his client of the F.D.I.C. request. Other lawyers for the F.D.I.C. wrote letters to the respondent demanding immediate repayment and threatening litigation if the payment was not forthcoming. The respondent failed to reply to any of these letters and failed to notify the school district of the F.D.I.C.'s demands.

The F.D.I.C. filed an action to recover the overpayment in April 1988 and served the school district's acting superintendent with a copy of the summons and complaint. After making several unsuccessful attempts to contact the respondent, the acting superintendent retained substitute counsel on behalf of the school district. The substitute counsel for the school district also made numerous unsuccessful attempts to contact the respondent. The hearing board found that, although the school district did not sustain actual injury because of the inaction of the respondent, the potential for injury certainly existed.

## II

The hearing board concluded, and we agree, that the respondent's conduct violated DR 6–101(A)(3) (a lawyer shall not neglect a legal matter entrusted to him); DR 7–101(A)(1) (a lawyer shall not intentionally fail to seek the lawful objectives of his client through reasonably available means); and DR 7–101(A)(2) (a lawyer shall not intentionally fail to carry out a contract of employment entered into with a client). By virtue of the foregoing, the respondent also violated DR 1–102(A)(1) (a lawyer shall not violate a disciplinary rule), and C.R.C.P. 241.6(1) (any act or omission violating the provisions of the Code of Professional Responsibility is grounds for attorney discipline). Because of his unexcused failure to comply with the board's discovery order, we find that the respondent also violated C.R.C.P. 241.6(7) (failure to respond to a request by the grievance committee without good cause shown, or obstruction of the committee or any part thereof in the performance of its duties constitutes ground for lawyer discipline).

Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986) (*ABA Standards*), in the absence of aggravating or mitigating factors, suspension is generally an appropriate sanction when "(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client." *ABA Standards* 4.42. The hearing board found that the following factors were present in aggravation: (1) that the respondent received a letter of admonition for neglecting a legal matter in the past; *ABA Standards* 9.22(a); (2) the respondent attempted to minimize the seriousness of his misconduct and failed to acknowledge responsibility for it, *id.* at 9.22(g); and (3) the respondent has substantial experience in the practice of law, *id.* at 9.22(i). In addition, we find that the respondent obstructed the disciplinary proceeding by intentionally failing to comply with an order of the hearing board, *id.* at 9.22(e). In mitigation, the board determined that there was no evidence that the respondent had a dishonest or selfish motive, *id.* at 9.32(b).

The hearing panel rejected the board's recommendation of a thirty-day suspension as too lenient. We agree with the panel that a thirty-day suspension is too lenient, given the respondent's prior discipline and the violation of C.R.C.P. 241.6(7). *Crimaldi*, 804 P.2d at 865. The respondent's obstruction of the disciplinary process and his record of prior discipline for neglect serve to distinguish this case from those in which we imposed a thirty-day suspension for neglect of client matters. *See, e.g., People v. Masson*, 782 P.2d 335, 336 (Colo.1989) (suspension for thirty days warranted where attorney knowingly fails to perform services for client, or engages in a pattern of neglect, causing injury or potential injury to client). We conclude that a suspension for ninety days represents a sanction commensurate with the nature and extent of the respondent's misconduct.

## III

It is hereby ordered that William G. Ross be suspended from the practice of law for

ninety days, effective thirty days after the issuance of this opinion. C.R.C.P. 241.-21(a). It is further ordered that Ross pay the costs of this proceeding in the amount of $473.56 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80202.