**The PEOPLE of the State of Colorado, Complainant,**

v.

**James Steven CREASEY, Attorney–Respondent.**

**No. 91SA53.**

Supreme Court of Colorado, En Banc.

May 20, 1991.

---

Linda Donnelly, Disciplinary Counsel Denver, for complainant.

No Appearance for attorney-respondent.

PER CURIAM.

A hearing board of the Supreme Court Grievance Committee recommended that the respondent in this attorney discipline case be suspended from the practice of law for three years, with reinstatement conditioned upon paying certain restitution, and the hearing panel unanimously approved the recommendations. The respondent did not appear and did not answer the complaint filed by the disciplinary counsel, nor has he appeared in this court. We conclude that the recommendation of the hearing panel is appropriate and order that the respondent be suspended for three years, pay restitution prior to reinstatement, and be assessed the costs of these proceedings.

I

The respondent was admitted to the bar of this court on October 21, 1976, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court. C.R.C.P. 241.1(b).

The complaint filed by the disciplinary counsel contained three counts and charged the respondent with violations of DR 6–101(A)(3) (a lawyer shall not neglect a legal matter entrusted to him); DR 7–101(A)(1) (a lawyer shall not intentionally fail to seek the lawful objectives of his client through reasonably available means); DR 7–101(A)(2) (a lawyer shall not intentionally fail to carry out a contract of employment entered into with a client); DR 7–101(A)(3) (a lawyer shall not intentionally prejudice or damage his client during the course of the professional relationship); and DR 9–102(B)(4) (a lawyer shall promptly pay or deliver to the client as requested by the client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive). Because he did not respond to the requests for investigation as requested by the grievance committee, the respondent was also charged with violating C.R.C.P. 241.6(7) (failure to respond to a request by the grievance committee without good cause shown, or obstruction of the committee or any part thereof in the performance of its duties constitutes ground for lawyer discipline).

The respondent was found to be in default because he did not appear or answer the complaint, and the factual allegations of the complaint were deemed admitted. C.R.C.P. 241.13(b); *People v. Crimaldi*, 804 P.2d 863, 864 (Colo.1991). Based on the admitted allegations in the complaint and the exhibits tendered by the disciplinary counsel, the board found that the following facts were established by clear and convincing evidence.

The respondent was retained to represent David Jeskey in a criminal matter and was paid $400 by Jeskey's father, Roger Jeskey. The respondent entered his appearance in February 1989 and the court sent David Jeskey notice of a hearing set for May 23, 1989. The Jeskeys attempted to contact the respondent but he did not return their calls. The court had entered an order allowing the respondent to withdraw on April 20, 1989, and although the court file contained a certificate of mailing of notice to withdraw, the Jeskeys did not receive it. Roger Jeskey attended the May 23 hearing and learned that the respondent was working as an assistant district attorney. Because David did not appear, his bond was forfeited and a warrant issued

for his arrest. Neither David nor Roger Jeskey heard from the respondent thereafter.

The hearing board concluded that the respondent's conduct violated DR 6–101(A)(3) (neglect), as well as DR 1–102(A)(1) (a lawyer shall not violate a disciplinary rule), and C.R.C.P. 241.6(1) (any act or omission violating the provisions of the Code of Professional Responsibility is grounds for attorney discipline).

With respect to count II, the hearing board found that W.D. Tripp retained the respondent to file a malpractice action against a Denver law firm in January 1989. Tripp paid the respondent $2,500 in cash and delivered a Jeep Honcho as collateral against future attorney's fees. The respondent filed the complaint on February 13, 1989, and a motion in April 1989 asking for an extension of time to comply with the district court's delay reduction order. The respondent was hired as an assistant district attorney in April 1989, but he did not file a motion to withdraw from the Tripp case. In addition, the respondent failed to return Tripp's telephone calls between February and July 1989.

Tripp hired another attorney in August 1989 to pursue a claim against the respondent for the return of his property and case file. When that attorney's letter to the respondent demanding the return of the $2,500 retainer, the vehicle, and the case file went unanswered, Tripp's attorney filed a replevin action against the respondent. On October 23, 1989, a default judgment was entered against the respondent in Mesa County District Court for $6,332.40, and the respondent's wages were garnished in November 1989. Tripp received $1,275 pursuant to the writ of garnishment, until the respondent was discharged as an assistant district attorney.

As the hearing board found, the foregoing conduct of the respondent violated DR 6–101(A)(3), DR 7–101(A)(1), DR 7–101(A)(2), DR 7–101(A)(3), and DR 9–102(B)(4). In addition, because the respondent did not respond to the grievance committee's requests for investigation, and did not appear or answer the complaint filed by the disciplinary counsel, he violated C.R.C.P. 241.6(7).

## II

The respondent's misconduct and abandonment caused actual damage to two clients. The Jeskeys have been unable to recover the $400 retainer paid to the respondent. Tripp has only recovered $1,275 of the $6,332.40 judgment he obtained against the respondent in the replevin action. Tripp was also required to hire another attorney, at the cost of approximately $700 in attorney's fees, just to recover the retainer and property the respondent refused to return to him.

Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986) (*ABA Standards*), in the absence of aggravating or mitigating factors, suspension is generally an appropriate sanction when "(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client." *ABA Standards* 4.42.

The hearing board found that the following factors were present in aggravation: (1) prior disciplinary offenses, including two letters of admonition and a ninety-day suspension for neglect of client matters, *ABA Standards* 9.22(a); (2) a pattern of misconduct, *id.* at 9.22(c); (3) multiple offenses, *id.* at 9.22(d); (4) bad faith obstruction of the disciplinary proceeding, *id.* at 9.22(e); (5) refusal to acknowledge the wrongful nature of conduct, *id.* at 9.22(g); (6) substantial experience in the practice of law, *id.* at 9.22(i); and (7) indifference to making restitution, *id.* at 9.22(j). We also find the existence of a dishonest and selfish motive on the respondent's part for intentionally failing to return client property, *id.* at 9.22(b). The hearing board found no factors in mitigation, nor do we.

Considering the seriousness of the respondent's misconduct, any period of suspension less than three years, the longest permitted under C.R.C.P. 241.7(2), would be too lenient. We thus accept the recommen-

dation of the hearing panel, although two members of the court would disbar the respondent. We also find that the respondent should be required to make restitution prior to reinstatement, as recommended by the hearing board and hearing panel.

### III

The respondent was previously suspended by this court for ninety days for neglect of three client matters and for failure to cooperate with the grievance committee. *See People v. Creasey*, 793 P.2d 1159, 1162 (Colo.1990).

Accordingly, it is hereby ordered that James Steven Creasey be suspended from the practice of law for three years effective immediately. Creasey shall not be reinstated until after he has complied with C.R. C.P. 241.22(c) & (d). It is further ordered that, prior to reinstatement, Creasey make restitution to Roger S. Jeskey in the amount of $400 plus statutory interest from February 1, 1989, until paid. As a further condition of reinstatement, it is ordered that Creasey make restitution to W.D. Tripp in the amount of $700 for attorney's fees expended in pursuing the replevin action, and $5,057.40 (representing the unsatisfied amount of the balance of the unearned retainer as found in the judgment in the replevin action), plus statutory interest from October 23, 1989, until paid. It is further ordered that Creasey pay the costs of this proceeding in the amount of $207.68 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80202.