**The PEOPLE of the State of Colorado, Complainant,**

v.

**Joseph Henry HELLEWELL, Attorney–Respondent.**

**Nos. 91SA339, 91SA411.**

Supreme Court of Colorado, En Banc.

March 23, 1992.

Linda Donnelly, Disciplinary Counsel, Denver, for complainant.

Attorney–respondent not appearing.

PER CURIAM.

The respondent, Joseph Henry Hellewell, was the subject of two attorney discipline proceedings that have been consolidated for purposes of this opinion and order. In Case No. 91SA339, a hearing panel of the Supreme Court Grievance Committee recommended that the respondent be disbarred, that he comply with certain conditions before seeking readmission, and that he be assessed the costs of the proceeding. In Case No. 91SA411, the hearing panel also recommended that the respondent be disbarred, be required to pay court-ordered attorney fees prior to seeking readmission, and be assessed costs. The respondent did not appear or answer in either proceeding, and has not appeared in this court. We accept the recommendations of the hearing panels.

I

The respondent was admitted to the bar of this court on October 2, 1973, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee. C.R.C.P. 241.1(b). Because the respondent did not appear and did not answer the complaints filed against him in either proceeding, the allegations of fact contained in the complaints in both proceedings are deemed admitted. *People v. Crimaldi*, 804 P.2d 863, 864 (Colo.1991).

II

Based on the respondent's defaults and the evidence introduced by the disciplinary counsel, the hearing boards found that the following allegations and charges of misconduct contained in the complaints were established by clear and convincing evidence.

A

*Case No. 91SA339*

The complaint filed in Case No. 91SA339 contains four counts. With respect to the first count, the hearing board found that Thomas and Kathleen Houston retained the respondent in early 1989 to defend them in a civil action concerning a dispute over an irrigation ditch. The Houstons previously had deposited $4,250 with their former attorney, which sum was to be applied toward any settlement of the civil action that might be negotiated. The negotiations proved unsuccessful, and on April 28, 1989, the Houstons' former attorney transferred the $4,250 sum to the respondent's escrow account. Following a trial on June 23, 1989, the court entered judgment against the Houstons for $8,600.

After numerous unsuccessful attempts to reach the respondent, the Houstons hired another attorney to obtain the return of the $4,250 from the respondent. Their new attorney spoke to the respondent on April 18, 1990, and the respondent agreed to immediately distribute the remaining funds to the Houstons and to account for any deductions. The respondent has not, however, returned any of the Houstons' money and has failed to provide an accounting.

The hearing board found, and we agree, that the respondent's conduct violated DR 1–102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 9–102(B)(3) (an attorney shall maintain complete records of client property in the possession of the lawyer and render appropriate accounts to the client regarding the property); and DR 9–102(B)(4) (an attorney shall promptly pay or deliver to the client as requested by the client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive).

With respect to the second count of the complaint, the board determined that between April and June of 1990 the respondent wrote approximately fifteen checks which were returned for insufficient funds. This conduct violated DR 1–102(A)(4) (an attorney shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation), and DR 1–102(A)(6) (an attorney

shall not engage in conduct that adversely reflects on the lawyer's fitness to practice law).

With respect to the third count of the complaint, the hearing board found that on May 10, 1989, William Wolters retained the defendant to represent Wolters in a post-decree custody matter and paid the respondent a $200 retainer. The respondent, however, took no action on Wolters's behalf, has not communicated with Wolters since November 1989, and has not returned the $200 retainer. The respondent's conduct violated DR 2–110(A)(3) (an attorney who withdraws from employment shall refund promptly any unearned attorney fees), and DR 6–101(A)(3) (an attorney shall not neglect a legal matter entrusted to the lawyer).

The final count of the complaint alleges that the respondent failed to file written responses to the requests for investigation of the three foregoing matters. This conduct violated C.R.C.P. 241.6(7) (failure to respond to a request by the grievance committee without good cause shown constitutes ground for lawyer discipline).

## B

### Case No. 91SA411

In Case No. 91SA411, the hearing board consolidated two separate complaints filed by the disciplinary counsel. The two complaints contained a total of five counts, although one count was eventually dismissed on the motion of the disciplinary counsel.

One of the counts relates to the respondent's conduct while representing the Houstons. On February 15, 1991, the disciplinary counsel filed a petition in this court to immediately suspend the respondent from the practice of law, pursuant to C.R.C.P. 241.8, in part because the respondent had wrongfully failed to return $4,250 to the Houstons. The respondent's response to the petition contains the following statements:

3. Respondent denies that he was contacted by Thomas Houston, or that there were any missed attempted contacts with

him. Respondent first learned of Mr. Masey [sic] when he apparently filed pleadings in the case of Mr. Houston, however Respondent was contacted about the time as indicated in paragraph # 7 of the petition [April 18, 1990]. *Petitioner then sent the funds to Mr. Houston. A copy of the checks are attached.* (Emphasis added.) Attached to the response are what appear to be photocopies of American Express Travelers Cheques with the date "April 1990" typed on them. The hearing board found, however, that the checks in question were actually purchased by the respondent from a bank in Cheyenne, Wyoming on January 11, 1991. Moreover, the Houstons never received the checks that the respondent contends he sent to Mr. Houston. On March 26, 1991, this court suspended the respondent from the practice of law pending the outcome of these disciplinary proceedings.

The hearing board found, and we agree, that the respondent attempted to mislead this court in his response to the petition for immediate suspension. This conduct violated DR 1–102(A)(4) (an attorney shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation) and DR 1–102(A)(5) (an attorney shall not engage in conduct prejudicial to the administration of justice).

In a child support matter that is the subject of a second count, the respondent unreasonably delayed for three and one-half months compliance with a trial court order that the respondent prepare an order in the case, despite numerous requests from opposing counsel. This conduct violated DR 6–101(A)(3) (an attorney shall not neglect a legal matter entrusted to the lawyer).

In another child custody matter that is the subject of a third count, the respondent was ordered by a referee in a domestic relations case to prepare a custody order on August 6, 1990. He sent opposing counsel, Amado Cruz, the proposed order on September 14, 1990. Cruz wrote to the respondent on September 27, 1990, and requested three changes in the proposed order. When the respondent failed to reply

to the letter, Cruz, on November 16, 1990, prepared a corrected order and sent it to the referee, together with a motion for appropriate attorney fees. Copies of the corrected order and the motion were sent to the respondent. When the respondent failed to file a response to Cruz' motion, the referee, on December 26, 1990, ordered the respondent to pay Cruz $100 as attorney fees. The respondent has failed to pay the attorney fees. This conduct violated DR 6–101(A)(3) (an attorney shall not neglect a legal matter entrusted to the lawyer) and DR 7–106(A) (an attorney shall not disregard or advise the lawyer's client to disregard a ruling of a tribunal).

Finally, the board determined that the respondent unjustifiably refused to respond to the request for investigation sent to him by the office of disciplinary counsel in Case No. 91SA411, contrary to C.R.C.P. 241.6(7).

### III

In each proceeding, the hearing panel approved the recommendation of the respective hearing board that the respondent be disbarred. At least two of the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986) (*ABA Standards*), apply in this case. In the absence of aggravating or mitigating circumstances, "[d]isbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client." *ABA Standards* 4.11. In addition, section 6.11 of the *ABA Standards* contains the following language:

> Disbarment is generally appropriate when a lawyer, with the intent to deceive the court, makes a false statement, submits a false document, or improperly withholds material information, and causes serious or potentially serious injury to a party, or causes a significant or potentially significant adverse effect on the legal proceeding.

*ABA Standards* 6.11. The only reasonable conclusion with respect to the documents filed by respondent with this court in connection with the disciplinary counsel's February 15, 1991, request for immediate suspension is that the respondent converted the $4,250 belonging to the Houstons and then attempted to persuade this court that the funds had been delivered to his clients. When an attorney converts client property, disbarment is an appropriate sanction. *People v. Finesilver*, 826 P.2d 1256, 1258 (Colo.1992); *People v. Margolin*, 820 P.2d 347, 349 (Colo.1991).

Several significant aggravating factors are also present in these combined proceedings. The respondent has engaged in multiple offenses and in a pattern of misconduct. *ABA Standards* 9.22(c), (d). On May 20, 1991, we suspended the respondent for three years because of his extensive pattern of neglect and intentional deception in client matters. *People v. Hellewell*, 811 P.2d 386 (Colo.1991). The respondent has failed to cooperate with the grievance committee in these proceedings and has submitted false statements and false evidence to this court in a related proceeding. *ABA Standards* 9.22(e), (f). The respondent did not appear in either proceeding, and the hearing boards found no factors in mitigation. Accordingly, we accept the recommendations of the hearing panels in Case Nos. 91SA339 and 91SA411 and order that the respondent be disbarred and be assessed the costs of the proceedings. We also accept the recommendations of the hearing panels with respect to certain conditions for readmission, as set forth below.

### IV

It is hereby ordered that Joseph Henry Hellewell be disbarred and that his name be stricken from the list of attorneys authorized to practice before this court, effective the date of this opinion. It is ordered that the respondent pay the costs of these proceedings in the amount of $757.52 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, Dominion Plaza, Suite 500–S, 600—17th Street, Denver, Colorado 80202–5435. It is further ordered that, prior to any application for readmission, the respondent make restitution to the Houstons in the amount of $4,250, less any

documented set-off for attorney's fees not to exceed $1,900, plus statutory interest from April 20, 1990. It is further ordered that prior to any application for readmission, the respondent pay $200 plus statutory interest from May 10, 1989, to William Wolters. It is further ordered that, prior to readmission, the respondent shall demonstrate that he has made restitution with respect to all checks issued by the respondent and returned for insufficient funds, as established in Case No. 91SA339. It is further ordered that, prior to any application for readmission, the respondent pay $100 in court-ordered attorney fees to Amado Cruz, with statutory interest from December 26, 1990.