**The PEOPLE of the State of Colorado, Complainant,**

v.

**Justin Dean KIRK, Attorney-Respondent.**

**No. 93SA232.**

Supreme Court of Colorado,
En Banc.

Dec. 13, 1993.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Asst. Disciplinary Counsel, Denver, for complainant.

No appearance by attorney-respondent.

PER CURIAM.

The respondent [1] in this attorney disciplinary matter was charged with the neglect of a legal matter, and with failing to withdraw properly from a legal proceeding. He did not appear or answer before the Supreme Court Grievance Committee, and he has not appeared in this court. A hearing panel approved the hearing board's recommendation that the respondent be suspended from the practice of law for thirty days, and be assessed the costs of the proceeding. Given the respondent's utter disregard of these proceedings, however, we conclude that a thirty-day suspension is inadequate. Accordingly, we order that the respondent be suspended for ninety days, and pay the costs of the proceeding.

I

Since the respondent did not answer the complaint filed by the assistant disciplinary counsel, a default was entered and the allegations of fact contained in the complaint were deemed admitted. C.R.C.P. 241.13(b); *People v. Crimaldi,* 804 P.2d 863, 864 (Colo.1991). Based on the complaint, and exhibits tendered by the assistant disciplinary counsel at the hearing, the hearing board found that the following facts had been established by clear and convincing evidence.

1. The respondent was admitted to the bar of this court on October 3, 1969, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee in these proceedings. C.R.C.P. 241.1(b).

On May 24, 1989, the respondent was appointed to represent Burl K. Hunter, Jr., in certain post-conviction matters. Hunter had originally received a deferred judgment and sentence following his guilty plea to a theft charge in 1984. The deferred judgment was revoked in 1985 and Hunter was sentenced to three years probation. Hunter's probation was subsequently revoked and he was resentenced to the Department of Corrections for three years, to be served consecutively with two other sentences he received.

The respondent moved the court in July 1989 for a transcript of Hunter's 1984 hearing. After reviewing the transcript, the respondent told Hunter that there was a valid argument that Hunter's guilty plea was inappropriately handled. The respondent met with Hunter in jail in January 1990 to discuss the appropriate motions to be filed, and again spoke with Hunter by telephone in May 1990. The respondent told Hunter that he would set a hearing on the motions he was filing. Other than the request for the transcript, however, the respondent did not file any motions or documents on Hunter's behalf, and did not set any hearings.

In the middle of 1991, the respondent told Hunter that he would not pursue his case, but he did not file a motion to withdraw from representation of Hunter. In July 1992, pursuant to Hunter's *pro se* request, the court relieved the respondent from his appointment as Hunter's counsel. Nevertheless, although he was requested to do so, the respondent failed to deliver Hunter's file and the original transcript of the 1984 hearing.

The hearing board concluded that the respondent's conduct violated DR 2–110(A)(1) (a lawyer shall not withdraw from employment in a proceeding before a tribunal without its permission); DR 2–110(A)(2) (a lawyer shall not withdraw from employment until the lawyer has taken steps to avoid foreseeable prejudice to the rights of the client); and DR 6–101(A)(3) (a lawyer shall not neglect a legal matter entrusted to the lawyer).

## II

Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*), in the absence of aggravating or mitigating factors, suspension is an appropriate sanction when "(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client, or (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client." ABA *Standards* 4.42.

The respondent received a private censure in 1991 for essentially the same type of misconduct as in this case. *Id.* at 9.22(a) (prior discipline is an aggravating factor). The board found the existence of the following additional factors in aggravation: (1) bad faith obstruction of the disciplinary process by intentionally failing to comply with the orders and rules of the grievance committee and the supreme court, *id.* at 9.22(e); (2) a refusal to acknowledge the wrongful nature of the misconduct, *id.* at 9.22(g); (3) the vulnerability of the victim, *id.* at 9.22(h); and (4) substantial experience in the practice of law, *id.* at 9.22(i). The respondent did not appear before the board and no mitigating factors were found.

Given the seriousness of the misconduct together with the respondent's prior discipline, we agree with the hearing board and the hearing panel that at least a short period of suspension is appropriate. However, the respondent's total disregard of and, apparent indifference to the present proceedings distinguish this case from other cases where a thirty-day suspension was appropriate. *Compare Crimaldi*, 804 P.2d at 865 (where respondent attorney failed to appear in disciplinary proceedings before the grievance committee and before the supreme court, thirty-day suspension was too lenient) *with People v. Masson*, 782 P.2d 335, 336 (Colo.1989) (suspension for thirty days warranted where attorney knowingly fails to perform services for client, or engages in a pattern of neglect, causing injury or potential injury to client). We therefore reject the hearing panel's rec-

ommendation of a thirty-day suspension as too lenient. C.R.C.P. 241.15(c); *People v. Flores,* 772 P.2d 610, 614 (Colo.1989). We conclude that a suspension for ninety days represents a sanction commensurate with the nature and extent of the respondent's misconduct.

### III

It is hereby ordered that Justin Dean Kirk be suspended from the practice of law for ninety days, effective thirty days after the issuance of this opinion. *See* C.R.C.P. 241.21(a). It is also ordered that Kirk pay the costs of this proceeding in the amount of $118.61 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Dominion Plaza, Denver, Colorado 80202.