IN THE MATTER OF WILLIAM C. ERBECKER.

[No. 677S432.  Filed May 5, 1978.]

*Marshall E. Williams,* of Indianapolis, for respondent.

*Sheldon A. Breskow, David L. Copenhaver,* of Indianapolis, for the Indiana Supreme Court Disciplinary Commission.

PER CURIAM—This disciplinary proceeding is before this Court on a verified complaint filed pursuant to Admission and Discipline Rule 23, § 12, by the Disciplinary Commission of the Supreme Court. A Hearing Officer was appointed, a hearing was conducted and the Hearing Officer has filed his findings of fact, conclusions, and recommendation. The Disciplinary Commission has petitioned this Court to review the recommendation of the Hearing Officer. Both parties have submitted briefs as authorized by Admission and Discipline Rule 23, § 15.

The charges in this matter emanate from the allegations that the Respondent failed to appear in Court at the time set for hearings and appeared in Court in an entirely intoxicated condition. Specifically, the Respondent is charged under the Code of Professional Responsibility with undignified and discourteous conduct which was degrading to a tribunal, in violation of Disciplinary Rule 7-106(C) (6) ; conduct prejudicial to the administration of justice which adversely reflected on Respondent's fitness to practice law, in violation of Disciplinary Rules 1-102(A) (5) and (6) ; conduct evincing neglect and a lack of adequate preparation in handling a legal matter, in violation of Disciplinary Rules 6-101(A) (2) and (3) ; and failing to carry out a contract of employment entered into with a client for professional services, in violation of Disciplinary Rule 7-101(A) (2).

Having examined all matters which have been submitted in this cause, this Court now adopts and accepts as its own the findings of fact of the appointed Hearing Officer. These findings establish that the Respondent was employed by a client in a dissolution proceeding and an accounting proceeding in the Vigo Superior Court. These cases were consolidated and set for a post judgment contempt citation on September 16, 1976. On this date the Respondent failed to appear; he did not notify his client or the Court that he would not appear. The causes were continued until 9:30 a.m. on September 17, 1976; the Respondent was notified of the new setting and

agreed to appear on September 17th. At 9:30 a.m. on September 17th, the Respondent again failed to appear. The Court at that time continued the cases, contacted the Respondent and ordered him to appear at 3:00 p.m. on September 17, 1976. The Respondent did appear at 3:00 p.m. as ordered; however, he was intoxicated and unable to proceed, having consumed alcoholic beverages that afternoon. The Respondent was found in direct contempt and placed in jail for twenty-four hours. The Respondent subsequently apologized to the judge and there is no evidence that Respondent's client suffered any loss as a result of Respondent's conduct.

In light of the above findings, this Court now concludes that the Respondent, by appearing before a tribunal in an intoxicated manner, engaged in undignified and discourteous conduct, degrading to a tribunal, and, thereby, violated Disciplinary Rule 7-106(C)(6) of the Code of Professional Responsibility; by failing to appear and then appearing in a condition which did not allow him to proceed, engaged in conduct prejudicial to the administration of justice and conduct adversely reflecting on Respondent's fitness to practice law, and, thereby, violated Disciplinary Rules 1-102(A)(5) and (6) of the Code of Professional Responsibility; and by becoming intoxicated immediately prior to appearing before a court, engaged in conduct exhibiting neglect of a legal matter and a failure to carry out a contract of employment, and, thereby, violated Disciplinary Rules 6-101(A)(3) and 7-101(A)(2) of the Code of Professional Responsibility.

It is now the duty of this Court to impose an appropriate sanction by reason of the above noted misconduct. Noting in mitigation that the Respondent has already been jailed for his misconduct, has practiced for forty years, and is contrite about the facts of this case and has apologized, the Hearing Officer recommends that the Respondent be given a private reprimand.

This Court has also considered the mitigating factors, but

finds that the recommended sanction is not sufficient. The conduct in this case is deplorable. The Respondent ignored two court settings and then appeared too intoxicated to proceed. He disrupted the judicial process, neglected his obligations to a client, and generally demeaned the legal profession.

This Court is not unmindful of the reality that many professional people drink intoxicating beverages, in varying degrees. It should be obvious that this Court cannot, and will not, impose discipline simply because an attorney drank an intoxicating beverage. The disciplinary rules of this Court do not require supererogatory conduct; these rules are based in reality. On the other hand, this Court cannot ignore its responsibility to impose discipline when the activities of an attorney demonstrate misconduct.

In the present case the Respondent went beyond any reasonable standard of court room behavior. His activities clearly violated the Code of Professional Responsibility. By reason of these violations, the Respondent is now censured by this Court and ordered to appear before it on the 6th day of June, 1978, at 1:30 p.m. for a public reprimand.

It is further ordered that prior to said appearance, the Respondent shall pay to the Clerk of this Court the costs of these proceedings. Failing herein, the Respondent shall be suspended from the practice of law in this state pending further order of this Court.

NOTE.—Reported at 375 N.E.2d 214.