**The PEOPLE of the State of Colorado, Complainant,**

v.

**Lawrence C. ROTENBERG, Attorney-Respondent.**

**No. 81SA412.**

Supreme Court of Colorado, En Banc.

Oct. 19, 1981.

Linda Donnelly, Disciplinary Prosecutor, Denver, for complainant.

James J. Morrato, Denver, for attorney-respondent.

ERICKSON, Justice.

The Grievance Committee concluded this disciplinary proceeding by presenting us with a stipulation of facts and recommendations for discipline of the respondent, Lawrence C. Rotenberg. The Grievance Committee has recommended that we accept the stipulation and that the respondent be suspended for one year. In approving the stipulation, the respondent has acknowledged that he will be required, if he should seek to be reinstated, to undergo a hearing to establish his fitness to practice law and to prove that he has been rehabilitated. Rule 253, C.R.C.P. Respondent has also agreed to pay the costs of this proceeding.

We approve the stipulation and the recommendation of the Grievance Committee which has been agreed to by the respondent. Respondent has specifically agreed that the stipulation and the discipline imposed will be reported to the National Disciplinary Data Bank.

Lawrence C. Rotenberg was admitted to the bar of this Court on January 28, 1975. As a result of his handling of one transaction, he received a letter of admonition on February 23, 1981, for violation of DR 6–101(A)(3) (neglect of a legal matter), DR 7–101(A)(3) (prejudice to a client), and DR 1–102(A)(4) (misrepresentation).

Three disciplinary complaints are the subject of the stipulation which is before us. The first complaint was reviewed in *People v. Blalock*, 197 Colo. 320, 592 P.2d 406 (1979). No good purpose would be served by repeating what we said in reversing Blalock's conviction because of the respondent's incompetence as defense counsel.

The respondent also admits that he fired a revolver in the vicinity of two men in the condominium where respondent lives. He was subsequently charged with unlawful possession of a weapon and the unlawful firing of a weapon and pled guilty to the reduced charge of disturbance. He admits that his conduct violated Rule 241(B), C.R. C.P., and DR 1–102(A)(6).

The third complaint centers around his defense of Morris E. Wolf, who was found guilty of two counts of theft by receiving, section 18–4–410, C.R.S.1973. A new trial was granted to Wolf after he obtained other counsel because of respondent's incompetence. The respondent acknowledges that his failure to file a motion to suppress; to formulate and develop a theory of defense; to object to evidence of other crimes and transactions and to request an instruction regarding the limited purpose for which such evidence could be used, as well as his failure to object to hearsay which referred to his client as a "fence," violated Rule 241(B), C.R.C.P., and DR 7–101(A)(3). *See People v. Wolf,* Colo., 635 P.2d 213 (1981).

Accordingly, the Court approves the stipulation of facts and the discipline which the Grievance Committee has submitted to us. The respondent is suspended for the period of one year from the date of the announcement of this opinion, and is ordered to pay the costs incurred in the amount of $545.86 within sixty days to the Clerk of this Court. Any application for reinstatement will require the respondent to bear the burden of establishing his fitness to practice law and rehabilitation in accordance with Rule 253, C.R.C.P.