The PEOPLE of the State of Colorado, Complainant,

v.

Garry Owen DOOLITTLE, Attorney-Respondent.

No. 85SA253.

Supreme Court of Colorado, En Banc.

Nov. 4, 1985.

---

Linda Donnelly, Disciplinary Pros., George S. Myer, Deputy Disciplinary Pros., Denver, for complainant.

James R. Prochnow, Denver, for attorney-respondent.

LOHR, Justice.

The disciplinary prosecutor filed three formal complaints with the Colorado Supreme Court Grievance Committee alleging professional misconduct by the respondent, Garry Owen Doolittle. As reflected in a Stipulation, Agreement, and Conditional Admission of Misconduct entered into between the respondent and the disciplinary prosecutor, the respondent admitted the essential facts contained in three counts of the complaints, and the disciplinary prosecutor agreed to dismissal of the other three counts because of inability to prove them by clear and convincing evidence. The parties jointly recommended to this court by stipulation that the respondent should be suspended from the practice of law for six months and should be required to petition for reinstatement and comply with the requirements of C.R.C.P. 241.22 before being permitted to resume the practice of law in Colorado. The respondent also agreed to pay the costs of the three proceedings. An inquiry panel of the grievance committee approved the recommended discipline and referred the matter to this court. We agree that six months' suspension and payment of costs is the appropriate sanction for the respondent's admitted violations of the Code of Professional Responsibility.

The respondent was admitted to the bar in Colorado on October 6, 1970, and is registered as an attorney upon the records of this court. He therefore is subject to the jurisdiction of this court and of the grievance committee with respect to his conduct as an attorney. The following stipulated facts describe the three instances of professional misconduct upon which the agreed discipline is based.

### Driving Under the Influence.

In 1981 the respondent was convicted in El Paso County Court of driving under the influence of intoxicating liquor. *See* § 42–4–1202(1)(a), 17 C.R.S. (1984). This conviction constitutes grounds for discipline under C.R.C.P. 241.6(5). It also adversely reflects on the respondent's fitness to practice law, *see* DR1–102(A)(6), and therefore provides additional grounds for discipline under C.R.C.P. 241.6(1).

### Investment in A.F. Resources, Inc.

The respondent represented A.F. Resources, Inc. (A.F. Resources). That corporation, through another individual, solicited a $10,000 investment from Garland Ridenour. The respondent attended a meeting with Ridenour in Tennessee during which that potential investment was discussed. Thereafter, Ridenour agreed to send the respondent a check for $10,000 to purchase an interest in oil and gas leases and other things incidental to a gathering system to be constructed by A.F. Resources. Ridenour's letter transmitting the check summarized the agreement between him and the respondent that the respondent would deposit the $10,000 in the respondent's trust account at the Bank of Broadmoor in Colorado Springs. In fact the respondent had

no such account and fabricated its existence in his discussion with Ridenour. The letter conditioned the release of the moneys upon the receipt of certification of title and recordation of the assignment of the agreed oil and gas lease interest to the investor. The assignment had been executed and recorded prior to the receipt of Ridenour's letter and check. The letter also provided that if satisfactory documentation was not received Ridenour was to give written notice to the respondent, and the respondent was to return the funds immediately in exchange for Ridenour's release of the assignment. Finally, the letter requested the respondent to acknowledge its terms and conditions by signing and returning an executed copy to Ridenour.

Upon receipt of the check, the respondent deposited $9,000 into his personal account and turned the other $1,000 over to a principal in A.F. Resources. The $9,000 was disbursed at various times for expenses of A.F. Resources and the account was closed. The respondent did not promptly sign and return the letter to the investor. Consequently, Ridenour called the Bank of Broadmoor to inquire about the deposit, and learned that the respondent had no trust account with that bank but that the funds had been deposited in the respondent's personal account. Ridenour immediately demanded the return of his money.

The respondent and A.F. Resources took the position that they were entitled to the moneys because the agreed interest had been assigned to Ridenour and he refused to sign any release of that interest. While this was transpiring, a real estate agent who was attempting to acquire an interest in the A.F. Resources operations refunded the $10,000 to the investor.

The stipulation notes that there is a legal issue concerning whether A.F. Resources was entitled to the investment money since the assignment of the interest to the investor had been recorded and further notes that the $9,000 was paid out of the respondent's account for A.F. Resources business and that it cannot be concluded that the respondent converted any moneys to his own use.

The stipulation recognizes, however, that the respondent's conduct in this matter was contrary to DR1–102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), DR1–102(A)(6) (engaging in conduct that adversely reflects on fitness to practice law), DR 9–102(A) (preserving identity of funds and property of a client), and therefore violated DR1–102(A)(1) (violation of a disciplinary rule). The stipulation also provides that the respondent's conduct in the A.F. Resources matter constitutes ground for discipline under C.R.C.P. 241.6(1) (any act or omission that violates the provisions of the Code of Professional Responsibility), C.R.C.P. 241.-6(2) (any act or omission that violates accepted rules or standards of legal ethics), and C.R.C.P. 241.6(3) (any act or omission that violates the highest standards of honesty, justice, or morality).

*Purchase of Vehicles.*

In February of 1983, Phil Long Ford sold two Ford Broncos to A.F. Resources. On February 12, 1983, the respondent paid for both vehicles in full with two checks drawn on his account at the Bank of Broadmoor in Colorado Springs. One of the checks was for more than $19,000 and the other for more than $18,000, and each was returned by the bank to the car dealer on two occasions because the respondent's account contained insufficient funds.

At the time the respondent wrote the checks he believed that loan proceeds well in excess of the combined amounts of these checks would be wired into his account from a bank in New Orleans. Shortly after he made arrangements for such a loan, however, the New Orleans bank changed its position and stopped the loan.

Eventually, the dealer recovered both cars. The dealer, however, contacted the El Paso County Sheriff's Department and requested an investigation. As a result, charges were filed against the respondent alleging that he had committed fraud by check, a class 4 felony under section 18–5–

205(2) and (3)(c), 8 C.R.S. (1978 & 1984 Supp.), and theft, a class 3 felony under section 18–4–401(1) and (2)(d), 8 C.R.S. (1978). These charges resulted in a deferred prosecution on December 5, 1983, *see* § 16–7–401, 8 C.R.S. (1978 & 1984 Supp.), under the terms of which the respondent was to be supervised by a probation officer for two years, was required to pay costs and restitution totaling $4,826.96, was to undergo alcohol treatment and therapy as directed by the probation officer, and was to supply information and testify if necessary against the principal in A.F. Resources who was also involved in the purchase of the vehicles.

The stipulation states that the respondent's conduct in the car purchase matter violated DR1–102(A)(6) (engaging in conduct that adversely reflects on fitness to practice law) and therefore constitutes grounds for discipline under C.R.C.P. 241.-6(5) (any act or omission that violates the criminal laws of the State of Colorado).

In mitigation, the stipulation recognizes that during the period of time in which the respondent's professional misconduct took place, his life was in turmoil as a result of marital discord and divorce proceedings. The respondent has had a severe alcohol problem, has begun to deal successfully with this problem, and is complying with all conditions of the deferred prosecution including those conditions relating to alcohol treatment. On November 8, 1984, supervision of the respondent by the probation department was terminated and the case file was closed. The respondent has never engaged in the practice of law extensively. He has concentrated mostly on business ventures such as A.F. Resources and was inexperienced in the handling of client funds. The respondent has relocated to Texas, is not practicing law in Colorado or Texas, and is employed by a title company in Dallas.

The respondent has received one prior letter of admonition, based upon misrepresentation of his educational credentials to the El Paso County Bar Association. Under the circumstances of this case, we agree that a six-month suspension and payment of costs is a fitting disciplinary sanction for the respondent's professional transgressions. In the stipulation, the respondent expressly recognizes that ordinarily when an attorney is suspended for one year or less it is not necessary to comply with the provisions of C.R.C.P. 241.22 to obtain reinstatement, but that this is an appropriate requirement in the present case. In view of the seriousness of the respondent's professional misconduct, we agree.

The respondent, Garry Owen Doolittle, is suspended from the practice of law for six months from the date of this opinion and, as a condition of reinstatement, he shall fully satisfy the terms and conditions of C.R.C.P. 241.22. It is further ordered that the respondent shall pay the costs of this disciplinary proceeding in the amount of $210.16 to the Colorado Supreme Court Grievance Committee, Dominion Plaza Building, 600 17th Street, No. 520–S, Denver, Colorado 80202, within thirty days from the date of this opinion.