**The PEOPLE of the State of Colorado, Complainant,**

v.

**Rodney B. PROFFITT, Attorney-Respondent.**

No. 86SA437.

Supreme Court of Colorado, En Banc.

Feb. 9, 1987.

Linda Donnelly, Disciplinary Pros., George S. Meyer, Deputy Disciplinary Pros., Denver, for complainant.

Rodney B. Proffitt, Littleton, pro se.

ERICKSON, Justice.

In this disciplinary proceeding, the hearing panel found that the respondent, Rodney B. Proffitt, violated C.R.C.P. 241.6 and 241.16, and Disciplinary Rules 1–102(A)(1), 1–102(A)(4), and 1–102(A)(6) of the Code of Professional Responsibility. The grievance committee recommended that the respondent be suspended from the practice of law for one year and one day and that, as a condition for reinstatement, the respondent establish that he has successfully completed the probationary program tied to his conviction of fraud by check, and is mentally and emotionally able to return to the practice of law. The grievance committee also recommended that he be assessed the costs of these proceedings. We approve the findings of facts, conclusions, and recommendations of the hearing panel and the grievance committee, and suspend the respondent from the practice of law for the period of one year and one day, and require as a condition for reinstatement that the respondent successfully complete the conditions of probation imposed upon him at the time he entered a plea of guilty to the charge of fraud by check, section 18–5–205, 8B C.R.S. (1986). We also approve of the recommendation that he establish, to the satisfaction of the grievance committee, that he is mentally and emotionally able to return to the practice of law. He is also ordered to pay the cost of these proceedings in the amount of $325.29 within sixty days.

I.

Rodney B. Proffitt was admitted to the bar of the Supreme Court of Colorado on October 21, 1976. He is subject to the jurisdiction of this court and its grievance committee. C.R.C.P. 241.1(b). In July 1985, the respondent was charged with fraud by check in violation of section 18–5–205, 8B C.R.S. (1986), after he issued two

checks on June 8, 1985 without sufficient funds in the bank to pay the checks. In November 1985, he was charged with an additional eight counts of fraud by check. The November charges alleged the commission of three felonies and five misdemeanors. Subsequently, the respondent entered into a dispositional stipulation, and pleaded guilty to the crime of fraud by check, a class four felony. He was adjudged guilty of that offense, and the remaining charges were dismissed.

On January 28, 1986, the respondent was sentenced to ninety days in the county jail, and was ordered to serve four years of supervised probation. He also was directed to complete 150 hours of community service within six months after his release from jail. Restitution in the amount of $4,072.13 was ordered, and the respondent was required to prove that he was gainfully employed or in active search of employment within one month after his release from jail. Thereafter, pursuant to motion, the probationary term was reduced from four years to two years.

## II.

■ The crime to which the respondent pleaded guilty is a serious crime. C.R.C.P. 241.16(e). By his answer and by stipulation, the respondent admits his conviction of the class four felony and violation of disciplinary rules which caused these proceedings to be instituted against him.

After his conviction and sentencing, the respondent obtained assistance from a mental health professional and secured a full psychiatric and psychological examination at the Bethesda Hospital. Since that time, he has committed himself to participation in a seven-month, five nights per week, program at the Bethesda Hospital. The program is identified as "an adult partial care program," and was commenced on July 1, 1986. The respondent was diagnosed as having a depressive disorder or a behavior dysfunction, or both, that was tied to his abuse of alcohol and a family history of alcohol abuse.

At this time, the respondent has been admitted to the Masters in Business Administration Program at the University of Colorado. Since the respondent was charged with fraud by check, he has made full restitution and, at his own instance, volunteered an additional 150 hours, or a total of 300 hours of community service to the county assessor's office. The respondent's work resulted in the modernization and computerization of the records in the Gunnison County assessor's office.

The evidence indicates that the respondent wrote short checks in anticipation of receiving money that was not always forthcoming. He was also involved in a number of unsuccessful, speculative mining ventures that resulted in severe financial losses. The respondent separated from his wife, and had severe financial problems tied to the support of his family.

■ The respondent has cooperated fully with the grievance committee, and has no prior disciplinary history. However, it is clear that the respondent's conduct provides grounds for discipline under C.R.C.P. 241.6 and 241.16, and violates DR 1-102(A)(1) (violation of a disciplinary rule), DR 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and DR 1-102(A)(6) (engaging in any conduct that adversely reflects on respondent's fitness to practice law).

■ Standards for Imposing Lawyer Sanctions (1986) are of assistance in determining the proper discipline to be imposed in this case. Standard 5.12 declares that suspension is appropriate when a lawyer knowingly engages in criminal conduct that seriously reflects on his fitness to practice law. In this case, the aggravating factors set forth in Standard 9.2[1] are not present,

---

1. Standard 9.2 provides:

Aggravation or aggravating circumstances are any considerations, or factors that may justify an increase in the degree of discipline to be imposed.... Aggravating factors include:
(a) prior disciplinary offenses;
(b) dishonest or selfish motive;

and the mitigating factors set forth in Standard 9.3 [2] are significant. *See People v. Doolittle*, 713 P.2d 834 (Colo.1985).

The absence of a prior disciplinary record, the personal and emotional problems with which the respondent was confronted, the respondent's full and free disclosure to the disciplinary board of the relevant facts, and his cooperative attitude toward these proceedings support the suspension ordered. He also had a physical or mental impairment, and is remorseful for his conduct. C.R.C.P. 241.22 permits the conditions for reinstatement that were imposed by the hearing panel of the grievance committee, and are approved by the court.

Accordingly, the respondent is suspended for one year and one day from the date of the issuance of this opinion and is required as a condition of reinstatement to establish to the satisfaction of the grievance committee that he has successfully completed the conditions of probation that were imposed at the time he entered a plea of guilty to fraud by check. In addition, respondent must establish to the satisfaction of the grievance committee that he is mentally and emotionally able to return to the practice of law and that he has paid the costs of these proceedings. The respondent is ordered to pay costs in the amount of $325.29 to the office of the Grievance Committee of the Supreme Court, Dominion Plaza, Suite 500S, 600 17th Street, Denver, Colorado 80202.

(a) absence of a prior disciplinary record;
(b) absence of a dishonest or selfish motive;
(c) personal or emotional problems;
(d) timely good faith effort to make restitution or to rectify consequences of misconduct;
(e) full and free disclosure to disciplinary board or cooperative attitude toward proceedings;
(f) inexperience in the practice of law;
(g) character or reputation;
(h) physical or mental disability or impairment;
(i) delay in disciplinary proceedings;
(j) interim rehabilitation;
(k) imposition of other penalties or sanctions;
(*l*) remorse;
(m) remoteness of prior offenses.

(c) a pattern of misconduct;
(d) multiple offenses;
(e) bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency;
(f) submission of false evidence, false statements, or other deceptive practices during the disciplinary process;
(g) refusal to acknowledge wrongful nature of conduct;
(h) vulnerability of victim;
(i) substantial experience in the practice of law;
(j) indifference to making restitution.

2. Standard 9.3 provides:
Mitigation or mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed.... Mitigating factors include: