854 P.2d 787 (1993)
The PEOPLE of the State of Colorado, Complainant,
v.
Rodney Brent PROFFITT, Attorney-Respondent.
No. 92SA36.
Supreme Court of Colorado, En Banc.
May 17, 1993.
Rehearing Stricken July 14, 1993.
Linda Donnelly, Disciplinary Counsel, Denver, for complainant.
Rodney Brent Proffitt, Denver, pro se.
PER CURIAM.
In this attorney disciplinary proceeding, a hearing panel of the Supreme Court Grievance Committee unanimously approved the findings of fact of a hearing board but modified the board's recommended discipline of a three-year suspension to provide that the respondent be disbarred. The disciplinary counsel has not excepted to the panel's action.[1] We accept the panel's recommendation.

I
The respondent was admitted to the bar of this court on October 21, 1976, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee. C.R.C.P. 241.1(b). He was suspended on February 9, 1987, for one year and one day for committing fraud by check, People v. Proffitt, 731 P.2d 1257 (Colo.1987). He has not been reinstated and thus remains suspended under the 1987 order. Pursuant to a motion for sanctions filed by the disciplinary counsel based on the respondent's unjustified failure to comply with an order compelling discovery, the respondent's answer to the formal complaint was stricken and a default was entered. See C.R.C.P. 37(b)(2), 241.13(b); People v. Ross, 810 P.2d 659, 659 (Colo.1991). The allegations of fact in the complaint were therefore deemed admitted. Ross, 810 P.2d at 659; People v. Crimaldi, 804 P.2d 863, 864 (Colo.1991). Based on the respondent's default, and evidence tendered by the disciplinary counsel, the hearing board found that the following allegations and charges of misconduct contained in the seven-count complaint were established by clear and convincing evidence.[2]

*788 II

Count 1
On October 18, 1985, the respondent was issued a citation by the Glenwood Springs Police Department for driving under the influence of alcohol, careless driving, and speeding. The respondent subsequently failed to appear for three scheduled court appearances, resulting in the issuance of bench warrants. The respondent pleaded guilty to and was convicted of driving while ability impaired, and on June 24, 1986, was placed on probation for two years with the standard conditions. The respondent failed to complete the required alcohol education and therapy, however, and a complaint for revocation of the respondent's probation was filed and a bench warrant issued. When the respondent failed to appear at the hearing, another warrant was issued.
As the hearing board determined, the respondent's conduct violated DR 1-102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice), DR 1-102(A)(6) (a lawyer shall not engage in conduct that adversely reflects on the lawyer's fitness to practice law), and DR 7-106(A) (a lawyer shall not disregard a standing rule of a tribunal or a ruling of a tribunal made in the course of a proceeding), as well as C.R.C.P. 241.6(5) (any act or omission violating the criminal laws of a state or of the United States constitutes ground for lawyer discipline). Because he did not report the conviction to the disciplinary counsel, the respondent also violated C.R.C.P. 241.16(b).

Count 2
On May 23, 1986, the respondent was issued a summons by the Gunnison Police Department for driving under the influence of alcohol and driving under denial. On June 26, 1986, the respondent was convicted after a plea of guilty to driving while ability impaired. Although he was ordered to undergo an alcohol evaluation prior to sentencing, which was originally scheduled for August 1, 1986, the respondent failed to obtain the evaluation. He also failed to appear at the appointed time for sentencing, but he reported later in the day and was sentenced to ten days in jail. The respondent then failed to report for jail as ordered and did not attend a hearing that he had requested for reconsideration of the sentence.
The respondent failed to appear at subsequent hearings set in the case, including the hearing on a motion to revoke probation. A stipulation was eventually reached whereby the respondent was to serve his remaining jail time and the period of probation was extended. The respondent did not report this conviction to the disciplinary counsel as required. His conduct again violated DR 1-102(A)(5), DR 1-102(A)(6), DR 7-106(A), C.R.C.P. 241.6(5), and C.R.C.P. 241.16(b).

Count 3
On November 19, 1986, the respondent was issued a summons for driving under revocation, speeding, and failure to produce insurance. A charge of driving after an alcohol-related offense was added later. *789 At trial, the respondent was found guilty on all counts, but he failed to appear for sentencing and a bench warrant was issued. When he finally reported for sentencing on November 17, 1987, the respondent misrepresented to the court, under oath, that he resided at a certain address. The sentencing date was reset but the respondent did not show up on the scheduled day and a bench warrant was issued. The respondent was ultimately sentenced to six months unsupervised probation, twenty-four hours useful service, a five-day jail sentence, plus costs. He did not report this conviction until twenty-one months after he was adjudged guilty.
The respondent also sent two letters, on February 25, 1989, and March 5, 1989, to the presiding judge that contained language that was vituperative, undignified, and degrading to a tribunal. The hearing board concluded that the respondent's conduct violated C.R.C.P. 241.6(3) (misconduct involving any act or omission violating the highest standards of honesty, justice or morality is grounds for discipline); C.R.C.P. 241.6(5); DR 1-102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 1-102(A)(6); and DR 7-106(C)(6) (in appearing in the lawyer's professional capacity before a tribunal, a lawyer shall not engage in undignified or discourteous conduct which is degrading to a tribunal).

Count 4
At the time of the convictions referred to in Counts 1 to 3 above, the respondent was on probation arising from a previous felony conviction. A complaint for revocation of the respondent's probation was filed on November 5, 1986. The respondent did not appear at the scheduled hearing and a bench warrant was issued, but the complaint was later dismissed. A second complaint for revocation was filed, and was subsequently amended on December 3, 1987. The respondent's probation was revoked on February 16, 1988, based on his admissions that he had been convicted of the offense detailed in Count 2 above, that he had failed to complete alcohol therapy in the cases described in Counts 1 and 2 above, and that he had issued two insufficient funds checks to Rangeview Counseling Center. The respondent was resentenced to three-years probation and he was ordered to submit a treatment plan and quarterly evaluations.
Another complaint for revocation of the respondent's probation was filed on September 14, 1989, alleging, inter alia, that the respondent had not obtained the court-ordered treatment, and that he failed to make required child support payments and payments to the Rangeview Counseling Center. The respondent stipulated that he had not complied with the therapy conditions, and the respondent's sentence was again modified. He was sentenced to thirty-nine days in jail, with credit for time served. The respondent did not report for jail as required, however, and a bench warrant was issued.
On January 9, 1990, yet another complaint for revocation of the respondent's probation was filed, this time based on the respondent's failure to report for jail. The respondent's conduct in violating traffic laws, his failure to comply with court-ordered therapy, and his writing of non-sufficient funds checks all breached the terms and conditions of his probation, and violated C.R.C.P. 241.6(5), as well as DR 1-102(A)(5), DR 1-102(A)(6), and DR 7-106(A).

Count 5
On November 14, 1985, the respondent confessed that he was in contempt of the Gunnison County District Court because of his failure to pay child support. The court stayed the imposition of sanctions pending the respondent's payment of $445 into the court registry by the next day. When the respondent did not pay the arrearage, and subsequently failed to appear at the hearing on sanctions, the court sentenced the respondent to ninety days in jail with thirty days suspended. The respondent served sixty days in jail.
From December 1988 to October 1989, after the decree of dissolution of marriage was entered, the respondent was ordered to *790 initiate mediation efforts to resolve certain ongoing disputes between the parties, but he failed to do so. On October 26, 1989, the respondent filed a motion for contempt against the presiding judge alleging, among other things, that the judge deliberately mismailed a mediation order, interfered with the respondent's attempts to abide by the mediation order, used a document that contained false and misleading statements in order to secure the respondent's arrest, and willfully prejudiced the respondent's constitutional rights. The matter was referred to the Delta County District Court, which denied the respondent's contempt motion and ruled that the motion was inappropriate.
The respondent's failure to comply with the mediation orders and his filing of the contempt motion resulted in the expenditure of judicial resources, as well as violating DR 1-102(A)(5), DR 1-102(A)(6), DR 7-106(A), and DR 7-106(C)(6).

Count 6
Between September 1989 and January 1990, the respondent filed pleadings and correspondence in the Gunnison County District Court in the proceeding that involved his previous felony conviction (see Count 4 above). The language in the pleadings and correspondence was vituperative, undignified, and degrading to a tribunal. The pleadings and correspondence also contained inappropriate accusations against the presiding district judge, contrary to DR 1-102(A)(5), DR 1-102(A)(6), DR 7-106(C)(6), and DR 8-102(B) (a lawyer shall not knowingly make false accusations against a judge or other adjudicatory officer).

Count 7
The respondent wrote two insufficient funds checks to John W. Danylieu for rent from his personal account between June and August 1987. Between February and August 1988, the respondent wrote four checks from his personal bank account when the account lacked sufficient funds. As the hearing board concluded, his conduct violated C.R.C.P. 241.6(3) and (5), as well as DR 1-102(A)(4)-(6).

III
Although the board recommended that the respondent be suspended for three years, the hearing panel modified the recommendation to disbarment "given the extensive pattern of misconduct." Under the American Bar Association's Standards for Imposing Lawyer Sanctions (1986 & 1992 Supp.) (ABA Standards), in the absence of aggravating or mitigating factors, "[s]uspension is generally appropriate when a lawyer knowingly engages in criminal conduct that does not contain the elements listed in Standard 5.11 and that seriously adversely reflects on the lawyer's fitness to practice." ABA Standards 5.12.[3]
This case contains many significant aggravating factors: (1) a prior disciplinary offense involving a felony conviction for which the respondent was suspended from the practice of law for one year and one day, see Proffitt, 731 P.2d 1257; ABA Standards 9.22(a); (2) a pattern of misconduct, id. at 9.22(c); (3) multiple offenses, id. at 9.22(d); (4) failure to comply with the rules of the grievance committee, id. at 9.22(e); (5) a refusal to acknowledge the wrongful nature of conduct, id. at 9.22(g); and (6) substantial experience in the practice of law, id. at 9.22(i). Because the respondent did not appear and present evidence, the board found no evidence of any factors in mitigation.
*791 The respondent's contempt and disdain for the judicial system and the rule of law are demonstrated by the extensive misconduct recited above, and by his conduct in this proceeding itself. He has filed numerous motions before the grievance committee and in this court which were obviously for the purpose of delaying the proceedings. The respondent's contempt and disdain are utterly inconsistent with the duties of a member of the legal profession, and we therefore accept the hearing panel's recommendation that the respondent be disbarred.

IV
Accordingly, it is hereby ordered that Rodney Brent Proffitt be disbarred and that his name be stricken from the list of attorneys authorized to practice before this court, effective immediately upon the issuance of this opinion. It is further ordered that Proffitt pay the costs of this proceeding in the amount of $493.28 within sixty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500-S, Dominion Plaza, Denver, Colorado 80202.
NOTES
[1] The respondent's exceptions were stricken by order of this court on June 23, 1992, because the record was not designated and the transcript was not filed in a timely manner. See C.R.C.P. 241.20(b)(4); People v. Phelps, 837 P.2d 755, 755 n. 1 (Colo.1992).
[2] After the hearing panel's report was filed in this court, the respondent on September 3, 1992, filed a Petition to Transfer to Disability Inactive Status, alleging: "Given [respondent's] disability and financial constraints, he has been unable to defend himself within the parameters of acceptable due process and equal protection constitutional guarantees." In the petition to transfer, the respondent stated that he had previously alleged in this proceeding that he was disabled and he submitted a fragment of a report from a clinical psychologist, which he asserted supported his allegations. The respondent requested that the court: (1) transfer him to disability inactive status; (2) approve his application to proceed in forma pauperis; (3) suspend the disciplinary proceedings; and (4) issue such further orders as appropriate under C.R.C.P. 241.19(d).

Pursuant to C.R.C.P. 241.19(d) and the respondent's petition, we (1) transferred the respondent to disability inactive status; (2) ordered that the court be provided with the remainder of the clinical psychologist's report; (3) placed these proceedings in abeyance pending the receipt of an independent examination of the respondent; and (4) ordered that the respondent undergo an independent examination by a physician to determine if the respondent was competent to proceed in these disciplinary proceedings.
The report from the independent examining physician indicated that the respondent was competent to proceed, and the complete report of the clinical psychologist cast no doubt on the independent physician's conclusions. We therefore determined that the respondent was competent to proceed, and we dismissed the disability proceeding and granted the disciplinary counsel's motion to proceed on the underlying grievance.
[3] Standard 5.11 provides that disbarment is generally warranted when:

(a) a lawyer engages in serious criminal conduct, a necessary element of which includes intentional interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, misappropriation, or theft; or the sale, distribution or importation of controlled substances; or the intentional killing of another; or an attempt or conspiracy or solicitation of another to commit any of these offenses; or
(b) a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice.
ABA Standards 5.11.