The PEOPLE of the State of Colorado, Complainant,

v.

Mark William BROWN, Attorney– Respondent.

No. 93SA33.

Supreme Court of Colorado, En Banc.

Nov. 15, 1993.

Linda Donnelly, Disciplinary Counsel, Kenneth B. Pennywell, Denver, for complainant.

Mark William Brown, pro se.

PER CURIAM.

Over a period of about seventeen months, the respondent[1] in this attorney discipline case engaged in a pattern of neglect, misrepresentation, and conversion of client funds, and abandoned his law practice. The victims were eight of the respondent's clients and his former law partner. A hearing panel of the Supreme Court Grievance Committee approved the findings and recommendation of a hearing board that the respondent be disbarred, be ordered to make restitution prior to readmission, and be assessed costs. The assistant disciplinary counsel has not excepted to the panel's action and we struck the respondent's exceptions on October 7, 1993.[2] We accept the hearing panel's recommendations.

1. The respondent was admitted to the bar of this court on April 27, 1989, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee in these proceedings. C.R.C.P. 241.1(b). On November 19, 1992, he was suspended from the practice of law, C.R.C.P. 241.8, and on June 23, 1993, he was transferred to disability inactive status.

2. After the hearing panel's report was lodged in this court, the respondent on March 9, 1993, filed Verified Exceptions to Hearing Board's Findings of Fact and Recommendations. The respondent's exceptions requested, among other things, that he be transferred to disability inactive status, and that the court "reserv[e] Judgment in the within case until such time as I am able properly defend [sic] against the charges to which I believe I have a defense."

Pursuant to C.R.C.P. 241.19(d) and the respondent's request, we transferred the respondent to disability inactive status with the condition that he submit to a psychiatric evaluation within thirty days. Based on the examining psychiatrist's report that the respondent was competent to proceed in this matter, we granted the assis-

## I

The assistant disciplinary counsel filed two formal complaints against the respondent. The two proceedings in which the complaints were filed, Nos. GC 92B–61 and GC 92B–72, were consolidated below. The respondent did not appear or answer either of the complaints and the allegations of fact contained in the complaints were deemed admitted because of the entry of a default. C.R.C.P. 241.13(b); *People v. Crimaldi*, 804 P.2d 863, 864 (Colo.1991).[3] Based on the complaints, and exhibits tendered by the assistant disciplinary counsel at the hearing, the hearing board found that the following facts had been established by clear and convincing evidence.

## II

The complaint in No. GC92B–61 contained two counts. With respect to Count I, the board found that on November 11, 1991, Kristie Williams retained the respondent to represent her in a dissolution of marriage proceeding. Williams had moved to Iowa, but did not meet the Iowa residency requirements to file for dissolution in that state. The respondent told her that a dissolution of marriage proceeding could be brought in Colorado and he requested a $500 retainer. Williams told the respondent she was mailing the $500 retainer and also advised him that he should file the petition and serve her husband as soon as possible because her husband intended to move to Louisiana. Williams provided the respondent with her husband's address, telephone number, and the location of his employer.

Through the months of December 1991, and January 1992, Williams left multiple messages for the respondent, telling him that her husband was preparing to move to

Louisiana. On or about January 6, 1992, Williams informed the respondent that her husband had vacated his apartment and would soon be moving. The respondent told Williams that he had filed the petition for dissolution and was attempting to serve her husband. After being unable to reach the respondent in mid-January 1992, Williams contacted another lawyer who checked with the district courts in Jefferson and Denver counties and discovered that no dissolution proceeding had been filed on behalf of Williams.

During January 1992, Williams's new lawyer attempted to telephone the respondent and wrote him a letter, inquiring about the status of the case. The respondent did not reply, and as of July 20, 1992, no dissolution action had been filed on behalf of Williams in either Jefferson County or Denver.

As the board determined, the respondent's conduct violated DR 1–102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); and DR 6–101(A)(3) (a lawyer shall not neglect a legal matter entrusted to the lawyer).

In Count II, the hearing board found that the respondent failed to respond to the request for investigation filed in the Williams matter, contrary to C.R.C.P. 241.-6(7) (failure to respond to a request by the grievance committee without good cause shown, or obstruction of the committee or any part thereof in the performance of its duties constitutes ground for lawyer discipline).

## III

The complaint in No. GC 92B–72 contained nine counts. It is sufficient to note

---

tant disciplinary counsel's motion to proceed on the underlying grievance on September 9, 1993. *See People v. Proffitt*, 854 P.2d 787, 787 n. 2 (Colo.1993); *People v. Crimaldi*, 854 P.2d 782, 783 n. 1 (Colo.1993). We subsequently struck the respondent's exceptions to the hearing panel's action because the respondent did not designate the record or file the transcript in a timely manner as required by C.R.C.P. 241.20(b)(4). *See Proffitt*, 854 P.2d at 787 n. 1.

3. The respondent has asked us to set aside the default entered by the hearing board. We decline to do this because the respondent has not demonstrated that his failure to answer or otherwise appear below "was the result of mistake, inadvertence, surprise, or excusable neglect...." C.R.C.P. 241.13(b).

that in five of the counts, which involved five separate clients, the respondent accepted a retainer from the client, deposited the retainer in the law firm's operating account although the retainer had not yet been earned, neglected the case, misrepresented to the client that work had been performed when it had not or failed to communicate with the client at all, and ultimately abandoned the client. As the board found, the foregoing conduct violated DR 1–102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 1–102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice); DR 1–102(A)(6) (a lawyer shall not engage in conduct that adversely reflects on the lawyer's fitness to practice law); DR 2–106(A) (a lawyer shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee); DR 6–101(A)(3) (neglect); DR 7–101(A)(1) (a lawyer shall not intentionally fail to seek the lawful objectives of the lawyer's client through reasonably available means); DR 7–101(A)(2) (a lawyer shall not intentionally fail to carry out a contract of employment entered into with a client); DR 7–101(A)(3) (a lawyer shall not intentionally prejudice or damage the lawyer's client during the course of the professional relationship); DR 9–102(A) (all funds of clients paid to the lawyer shall be deposited in one or more identifiable interest-bearing depository accounts maintained in the state in which the law office is located); and DR 9–102(B)(4) (a lawyer shall promptly pay or deliver to the client as requested by the client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive).

In another count, the respondent agreed to represent a client in a dissolution of marriage action. Although misrepresenting to the client that he had done so, the respondent failed to initiate a wage assignment to obtain past due child support owed to the client. His conduct violated DR 1–102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 6–101(A)(3) (neglect); and DR 7–101(A)(1) (intentional failure to seek the lawful objectives of the lawyer's client).

In yet another matter, the respondent misrepresented to a client that he had filed a dissolution of marriage proceeding on behalf of the client when he had not, contrary to DR 1–102(A)(4), DR 1–102(A)(6), DR 2–106(A), DR 6–101(A)(3), DR 7–101(A)(1), and DR 7–101(A)(2).

Moreover, during the period of time in which the respondent and his former law partner, Peter Jenks, were associated, the respondent wrote several checks on the firm's operating account for his personal expenses when there was insufficient money to pay the firm's operating expenses. After warning the respondent against this practice without success, Jenks closed the operating account and opened a new account on which the respondent was not a signatory.

Jenks subsequently discovered from the July 2, 1992, bank statement that the respondent had drawn several checks on the client trust account for personal expenses. When Jenks closed the trust account, his records indicated that the trust account had a deficit of $1,791.19. After the request for investigation was filed, the respondent repaid $950 of the deficit. Jenks has learned, however, that the $950 came from a client retainer that the respondent had not yet earned and in a case that the respondent had neglected. The respondent's conduct violated DR 1–102(A)(4), DR 1–102(A)(6), and DR 9–102(A).

Finally, as in No. GC 92B–61, the respondent failed to respond to the request for investigations filed in the foregoing matters, contrary to C.R.C.P. 241.6(7) (failure to respond to a request by the grievance committee without good cause shown).

## IV

The hearing board recommended that the respondent be disbarred and that he make restitution prior to readmission, and the hearing panel approved the recommendations. Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*), in the absence of mitigating fac-

tors, disbarment is generally appropriate when:

> (a) a lawyer abandons the practice and causes serious or potentially serious injury to a client; or
>
> (b) a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client; or
>
> (c) a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client.

ABA *Standards* 4.41. *See, e.g., People v. Williams,* 845 P.2d 1150 (Colo.1993) (disbarment warranted when lawyer neglects legal matter, fails to return client's retainer, evades service of process, fails to respond to request for investigation, and abandons practice); *People v. Southern,* 832 P.2d 946 (Colo.1992) (lawyer disbarred for inaction in legal matters entrusted to him, for abandonment of a number of clients, and where the lawyer had been previously suspended for six months).

The respondent abandoned his clients after receiving and converting their unearned retainers. *See* ABA *Standards* 4.11 (in the absence of mitigating circumstances, "[d]isbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client.").

In his relatively short legal career, the respondent has already received two letters of admonition. Because the respondent defaulted before the grievance committee, the board found the existence of no mitigating circumstances. Considering the extent and the seriousness of the respondent's conduct, we agree that disbarment is the only appropriate sanction. Accordingly, we accept the recommendations of the hearing panel, including the requirement that the respondent make restitution as provided in the hearing board's report.

## V

It is hereby ordered that Mark William Brown be disbarred and that his name be stricken from the list of attorneys autho-

rized to practice before this court, effective immediately upon the issuance of this opinion. It is further ordered that, prior to readmission, Brown pay the costs of this proceeding in the amount of $390.02 to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Dominion Plaza, Denver, Colorado 80202. It is further ordered that, prior to readmission, Brown demonstrate that he has made restitution to the victims of his misconduct as set forth on page 26 of the Findings of Fact and Recommendation of the Hearing Board, dated December 17, 1992.