618

## In re Mark E. WARREN, Esq.

[669 A.2d 558]

No. 95-355

November 1, 1995. Pursuant to the recommendation of the Professional Conduct Board filed July 17, 1995, and approval thereof, it is hereby ordered that Mark E. Warren, Esq., be publicly reprimanded for the reasons set forth in the Board's Final Report attached hereto for publication as part of the order of this Court. A.O. 9, Rule 8E.

Furthermore, reactivation of Attorney Warren's license to practice law in Vermont shall be contingent on his having made restitution to his former client, Jesse Smith. For the first three years following return to active practice in Vermont, Attorney Warren shall be on probation subject to the conditions set forth in the last paragraph of the Board's Final Report.

### FINAL REPORT

Briefly summarized, the facts involve respondent's abuse of alcohol while representing clients in serious criminal matters.

Respondent joined the Vermont Bar in 1990. Until the autumn of 1993, he was a solo practitioner.

Between early June and late August of 1993, respondent appeared in Windham District Court on four different occasions under the influence of alcohol. On the third occasion, the presiding judge warned respondent not to appear in court again after consuming alcohol. Some six weeks later, respondent appeared at a sentencing to represent a client charged with a felony. Respondent was so impaired that he was asked to take an alco-sensor test. That test showed an alcohol level of .28%. The hearing had to be continued because respondent was too impaired to represent his client.

During this same summer, respondent was arrested and subsequently convicted of DWI. This was his fifth arrest for drunk driving since 1985.

In September of 1993, respondent closed his law practice and checked himself into a residential treatment center that same month. He subsequently moved to Boston and has no current plans to return to Vermont. Presently respondent is on inactive status.

Respondent currently provides pro bono legal services to individuals involved with an organization called STEP, Inc., an outpatient counselling program for alcoholics and drug addicts. He also provides pro bono legal services to individuals at the New England Shelter for Homeless Veterans. He is an adjunct professor at Quincy College teaching criminal justice and paralegal courses.

Respondent has remained sober since October 1993.

By this conduct, respondent violated DR 1-102(A)(5)(engaging in conduct prejudicial to the administration of justice), DR 1-102(A)(7)(engaging in conduct adversely reflecting on his fitness to practice law), DR 6-101(A)(1)(handling a legal matter which the lawyer is not competent to handle), and DR 6-101(A)(3)(neglecting a legal matter entrusted).

In considering the appropriate sanction, we find the following mitigating factors present here:

* Respondent has no prior disciplinary record,

* Respondent cooperated with the disciplinary proceedings, and

* Respondent has engaged in interim rehabilitation.

In aggravation we find that there is a pattern of misconduct.

We will not countenance the representation of clients in court or in any context while the attorney is under the influence of intoxicating liquor or drugs. Given respondent's history of continuing problems with alcohol abuse, were he still

actively consuming alcohol, we would have no hesitation in recommending his suspension from the practice of law for six months or longer. Respondent, however, to his credit, has remained sober for one and ½ years. We believe, therefore, that respondent's future clients can adequately be protected by a public reprimand and an extended period of probation.

We, therefore, recommend that respondent be publicly reprimanded and that the Court recommend to the Supreme Judicial Court of Massachusetts, which will entertain reciprocal discipline there, that respondent be placed on probation for a period of three years with sufficient terms to ensure no further violations. In addition, if and when respondent reactivates his Vermont license to practice law, we recommend that respondent be placed on probation for a period of three years. Conditions of his probation shall be that he not consume alcoholic beverages and that he engage an attorney mentor acceptable to both him and bar counsel with whom he consult on a monthly basis about his practice and sobriety. The mentor would report to bar counsel on respondent's status on a quarterly basis. Finally, in regard to the client for whom respondent appeared in court and was unable to function, we recommend that respondent be required to reimburse to that former client, Jesse Smith, the entire amount of fee Mr. Smith paid to him.