The PEOPLE of the State of
Colorado, Complainant,

v.

Lawrence C. ROTENBERG,
Attorney–Respondent.

No. 95SA413.

Supreme Court of Colorado,
En Banc.

Feb. 26, 1996.

Linda Donnelly, Disciplinary Counsel, Kenneth B. Pennywell, Assistant Disciplinary Counsel, Denver, for Complainant.

E. Michael Canges, Denver, for Attorney–Respondent.

PER CURIAM.

The respondent and the assistant disciplinary counsel have entered into a stipulation, agreement, and conditional admission of misconduct. C.R.C.P. 241.18. An inquiry panel of the supreme court grievance committee approved the conditional admission, including the recommendation that the respondent be publicly censured. We accept the conditional admission and the inquiry panel's recommendation.

I

The respondent was admitted to the Colorado bar in 1975. The conditional admission states that on June 4, 1993, the respondent's client came to his home/office to speak with him. The respondent indicates that he had already consumed five alcoholic drinks, and, in an attempt to get rid of his client, he and the client took a drive on separate mopeds the respondent owned. The client made a right turn into a car and the respondent rear-ended her, causing his client serious bodily injury. The respondent was arrested after being given roadside sobriety tests. His blood alcohol level was measured at 0.184.

He pleaded guilty to driving while ability impaired and failure to stay in a single lane. He was sentenced to probation March 15, 1994, and he has since satisfied the terms of his probation, but continues with therapy. As he has admitted, the respondent's conduct violated C.R.C.P. 241.6(5) (any act or omission violating the criminal laws of a state or of the United States constitutes ground for lawyer discipline). Moreover, the respondent's extensive history of traffic violations, some involving alcohol, violated DR 1–

102(A)(6) and R.P.C. 8.4(h) (engage in any other conduct that adversely reflects on the lawyer's fitness to practice law).

Finally, on August 22, 1995, the respondent again pleaded guilty to and was convicted of driving while ability impaired. He was sentenced to 300 days in jail, of which 210 were suspended, and placed on one year probation. He was also ordered to participate in a monitored antabuse program, take an alcohol education program, and participate in 40 hours of therapy. The respondent therefore again violated C.R.C.P. 241.6(5) and R.P.C. 8.4(h).

## II

▮ In approving the stipulation, the inquiry panel recommended that the respondent receive a public censure. A conviction for driving under the influence of intoxicating liquor adversely reflects on the attorney respondent's fitness to practice law. *People v. Fahselt,* 807 P.2d 586, 587 (Colo.1991) (convictions of vehicular assault, driving under the influence of intoxicating liquor, failing to maintain liability insurance, and reckless driving warrant public censure in conjunction with mitigating factors). While the attorney in *Fahselt* was convicted of more serious offenses than the respondent in this case, the facts are not dissimilar, and the respondent has a pattern of similar offenses that was not present in *Fahselt,* which is itself an aggravating factor. *See* ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards* ) 9.22(c).

We suspended the lawyer in *People v. Doolittle,* 713 P.2d 834, 835 (Colo.1985), for six months, for being convicted of driving under the influence of alcohol, depositing client's funds in a personal bank account and refusing to return funds upon demand, and writing insufficient funds checks. The multiple offenses in *Doolittle* involved dishonesty. Other jurisdictions that have considered the question of appropriate discipline when a lawyer drives under the influence and causes serious injury or death have found some period of suspension or even disbarment warranted. *See* Danny R. Veilleux, Annotation, *Misconduct Involving Intoxication as Ground for Disciplinary Action Against At-*

*torney,* 1 A.L.R.5th 874 §§ 6–9 (1992 & Supp. 1995) (collecting cases involving discipline of lawyers convicted of drunk driving).

▮ The respondent also has a prior history of discipline, which is an additional aggravating factor. ABA *Standards* 9.22(a). He received a letter of admonition in 1980, and two letters of admonition in 1981. Moreover, the respondent was suspended from the practice of law for one year in 1981 for firing a handgun in the vicinity of two people and incompetence in representing defendants in criminal cases. *People v. Rotenberg,* 635 P.2d 220 (Colo.1981). In December 1985, the respondent completed all of the conditions imposed by the court for his reinstatement, including participation for two years in an alcohol treatment and education program.

▮ Given the seriousness of the misconduct, and the respondent's previous discipline, a period of suspension would ordinarily be warranted, at the least. We have determined, however, that the presence of certain significant mitigating factors make a public censure (in conjunction with certain conditions the respondent has agreed to) sufficient to protect the public.

Virtually all of the respondent's professional misconduct is related to his longstanding problem with alcohol. Since the respondent's arrest in September of 1994, which ultimately led to the 1995 DWAI conviction, he has voluntarily initiated a monitored antabuse program for his alcohol addiction. The respondent states that he has been totally abstinent from the use of alcohol since the antabuse regimen began, and the results from monitoring that program and liver function tests are consistent with the respondent's representation. The assistant disciplinary counsel believes that a critical incentive for the respondent's continued abstinence from alcohol is his health. The respondent's physician has told him in no uncertain terms that any further alcohol use will have severe and immediate impact on his health and quality of life. The parties agree that the respondent's chemical dependency on alcohol was principally responsible for his admitted misconduct. There is evidence that the respondent will recover from

the dependency and that recurrence of the misconduct is unlikely. *See* ABA *Standards* 9.32(i) (mental disability or chemical dependency on alcohol may under certain circumstances be considered a mitigating factor).

While the question is a close one, we have decided to accept the stipulation, agreement, and conditional admission of misconduct, and the inquiry panel's recommendation. The respondent has agreed to the following additional conditions:

1. Respondent agrees and desires to continue his psychotherapy with Dr. Chad Emrick [a clinical psychologist]. Dr. Emrick will determine the degree and nature of the respondent's continuing therapy. At such time as Dr. Emrick or any subsequent therapist proposes to terminate therapy, the Office of Disciplinary Counsel shall be notified within 10 days so that it may take any appropriate actions required.

2. Respondent agrees to remain on antabuse for such period and under such circumstances as Dr. Emrick may require. At such time as Dr. Emrick or a subsequent therapist determines that no further benefit will be conferred to the respondent by the continuation of antabuse, or that antabuse therapy is no longer required, if requested, the respondent will submit to random urinalysis at his own expense for a period of 3 years from the date of the Court's opinion in this matter.

3. Respondent agrees to submit to the Office of Disciplinary Counsel, a monthly written report, which report shall be signed by Dr. Emrick or a subsequent therapist indicating respondent's progress or lack of same on monitored antabuse and attaching records of any urinalysis tests.

4. Respondent agrees to execute his written authorization to Dr. Emrick or any subsequent therapist to release medical information regarding his status on antabuse.

### III

Lawrence C. Rotenberg is hereby publicly censured. The respondent is ordered to comply with the four conditions above. It is further ordered that the respondent pay the costs of this proceeding in the amount of $49.02 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.

ERICKSON, J., does not participate.