**The PEOPLE of the State of Colorado, Complainant,**

v.

**Nancy Elizabeth COULTER, Attorney–Respondent.**

**No. 97SA387.**

Supreme Court of Colorado, En Banc.

Jan. 12, 1998.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Assistant Disciplinary Counsel, Denver, for Complainant.

Nancy Elizabeth Coulter, Pro Se.

PER CURIAM.

This is a lawyer discipline case. The respondent and the assistant disciplinary counsel submitted a stipulation, agreement, and conditional admission of misconduct pursuant to C.R.C.P. 241.18 to an inquiry panel of the supreme court grievance committee. In the conditional admission, the parties consented to either a private or public censure. The inquiry panel approved the conditional admission and recommended that the respondent receive a public censure. We accept the conditional admission and the inquiry panel's recommendation of discipline.

I

The respondent was licensed to practice law in Colorado in 1992. The conditional admission contains two counts. The first count states that on January 26, 1996, the respondent pleaded guilty to driving while ability impaired. The conviction arose from an incident where the respondent was stopped on I–70 on October 4, 1995, by a police officer for expired license plates and expired emission sticker. The respondent appeared intoxicated and she was arrested after she failed a roadside sobriety test.

The 1996 conviction was the respondent's second DWAI offense within five years, the first offense having occurred before she was licensed to practice law. On March 26, 1996, the respondent was sentenced to attend alcohol Level II education; perform forty-eight hours of useful public service; undergo antabuse therapy; pay court costs of $369 and a fine of $500, of which $400 was suspended; and 180 days in jail, of which 150 days were suspended with 30 days to be served by in-home detention. Her license to drive was also revoked for one year.

The respondent admitted that her conduct violated Colo. RPC 8.4(b) (committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects); Colo. RPC 8.4(h) (engaging in conduct that adversely reflects on the lawyer's fitness to practice law); and C.R.C.P. 241.6(5) (violating the criminal laws of a state or of the United States).

The second count states that the respondent appeared in court while intoxicated on two consecutive days. On November 1, 1995, she appeared as the court-appointed guardian ad litem in two cases set for hearing.

She was incapable of representing her clients, however, because she had been drinking and was intoxicated. The court continued both matters over to the next day.

The following day, the respondent had been drinking again and was not capable of adequately representing her clients. The judge informed the respondent *ex parte* that certain actions would be taken regarding her conduct.

The respondent stipulated that her court appearances violated Colo. RPC 8.4(d) (engaging in conduct prejudicial to the administration of justice) and Colo. RPC 8.4(h) (conduct adversely reflecting on fitness to practice).

## II

The conditional admission proposed that the respondent receive either a private or public censure. The inquiry panel recommended a public censure.

All the misconduct in this case is attributable to the respondent's use of alcohol. The conditional admission states that following her October 4, 1995, arrest, the respondent voluntarily agreed to an intensive out-patient treatment program, but the earliest she could be admitted was on November 9, 1995. Her two court appearances while intoxicated occurred prior to her admission. She has successfully completed that program and has been involved in Alcoholics Anonymous since February 1996. She is also currently on antabuse and has completed all of her sentence in the DWAI case except for the public service. On May 12, 1997, based on the respondent's problems with alcohol, she was transferred to disability inactive status pursuant to a joint petition. *See* C.R.C.P. 241.19.

We publicly censured the lawyer in *People v. Rotenberg*, 911 P.2d 642 (Colo.1996), for driving while intoxicated and thereby physically injuring his client. Rotenberg had a history of discipline. *Id.* at 643. We concluded that a suspension was not necessary given that the lawyer was voluntarily participating in an alcohol antabuse program, and evidence that he would recover from the alcohol-dependency. *Id.* at 643–44.

The respondent in this case has no prior discipline, but her appearances in court while intoxicated and unable to proceed, make public discipline appropriate. This case is similar to *In re Warren*, 164 Vt. 618, 669 A.2d 558 (1995). The lawyer in *Warren* appeared in court and represented his client in a criminal case while intoxicated on a number of occasions and was also convicted of driving while intoxicated. *Id.* 669 A.2d at 558–59. He had closed his practice, was on inactive status, and had been sober for one and a half years at the time of the Vermont Supreme Court's opinion and order. *Id.* at 559. Like the respondent in this case, Warren had no previous discipline. *Id.* Warren was publicly reprimanded and placed on probation for three years. *Id.; see also In re Erbecker*, 268 Ind. 345, 375 N.E.2d 214, 215 (1978) (lawyer publicly reprimanded for twice failing to appear before the court on behalf of his client and then appearing intoxicated in court).

While our disciplinary procedures do not allow for probation per se, the respondent is currently on disability inactive status. In order to be reinstated she will be required to demonstrate by clear and convincing evidence that her alcohol-related disability has been removed and that she is once again competent to practice law. *See* C.R.C.P. 241.23(a). We consider that a sufficient safeguard in this case. Accordingly, we accept the conditional admission and the inquiry panel's recommendation.

## III

Nancy Elizabeth Coulter is hereby publicly censured. It is ordered that she pay the costs of this proceeding in the amount of $48.00 within thirty days to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.

BENDER, J., does not participate.