**The PEOPLE of the State of Colorado, Complainant,**

v.

**Turman Curtis BOBBITT, Attorney–Respondent.**

**Nos. 92SA426, 93SA200.**

Supreme Court of Colorado, En Banc.

Oct. 18, 1993.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Asst. Disciplinary Counsel, Denver, for complainant.

Turman Curtis Bobbitt, pro se.

## PER CURIAM.

We have consolidated two attorney disciplinary proceedings involving the same respondent.[1] In No. 92SA426, a hearing board concluded that, although the respondent did not neglect a legal matter entrusted to him as charged in the complaint, he violated C.R.C.P. 241.6(7) and DR 1–102(A)(5) by failing to respond in a timely fashion to either the request for investigation or the formal complaint filed in the matter by the assistant disciplinary counsel. The board recommended that the respondent receive a private censure and a hearing panel of the Supreme Court Grievance Committee approved the recommendation.

In No. 93SA200, a case involving similar but independent charges of misconduct, the respondent and the assistant disciplinary counsel entered into a stipulation, agreement, and conditional admission of misconduct. *See* C.R.C.P. 241.18. In the stipulation, the parties requested that this court impose combined discipline for the charges contained in Nos. 92SA426 and 93SA200 in the range from public censure to a six-month suspension. An inquiry panel of the grievance committee accepted the stipulation and agreement and recommended that the respondent be suspended for thirty days and be assessed costs.

For the purposes of the consolidation of the proceedings and stipulation of the

range of appropriate discipline, the assistant disciplinary counsel withdrew his exceptions to the recommendation of private censure in No. 92SA426, and the respondent confessed that, contrary to the hearing board's findings in No. 92SA426, he did in fact neglect a legal matter entrusted to him. Given the significant factors in mitigation that are present in this case, we accept the stipulation and agreement, and the recommendation of the inquiry panel, and order that the respondent be suspended for thirty days and that he pay the costs of the two proceedings.

## I

In No. 92SA426, the hearing board concluded that the assistant disciplinary counsel had not proved, by clear and convincing evidence, that the facts contained in the complaint (and deemed admitted by virtue of the entry of a default against the respondent, *People v. Crimaldi*, 804 P.2d 863, 864 (Colo.1991)) did not rise to the level of the neglect of a legal matter under DR 6–101(A)(3). Because we ultimately accept the stipulation, and impose discipline within the range agreed to by the respondent, we will assume, as the respondent has admitted, that the respondent's failure to communicate with his client between November 1989 and July 1990, while the respondent was serving as a deputy public defender, violated DR 6–101(A)(3). Moreover, the respondent's failure to answer in a timely fashion either the request for investigation or the formal complaint in No. 92SA426 violated C.R.C.P. 241.6(7) (failure to respond to a request by the grievance committee without good cause shown, or obstruction of the committee or any part thereof in the performance of its duties constitutes ground for lawyer discipline); and DR 1–102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice).

## II

The stipulation in No. 93SA200 involved the respondent's misconduct while serving

1. The respondent was admitted to the bar of this court on May 26, 1983, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee in these proceedings. C.R.C.P. 241.1(b).

as a deputy public defender in five separate criminal cases.

## A

In the first matter, the respondent was appointed from the public defender's office to represent Eugene Gilpin on three felony counts of sexual assault and two misdemeanor counts of indecent exposure. On February 15, 1990, Gilpin was found guilty on all counts and was sentenced to serve three consecutive six-year sentences in the Department of Corrections. Although the respondent filed a notice of appeal on behalf of Gilpin, and ultimately filed an opening brief in the appeal, the respondent has admitted that he failed to communicate with his client regarding the appeal, despite numerous requests from the client. His conduct violated DR 1–102(A)(5) (conduct prejudicial to the administration of justice), and DR 6–101(A)(3) (neglect of a legal matter).

## B

The respondent represented Alfredo S. Archuleta in a revocation of probation appeal in the court of appeals. The respondent did not communicate with his client regarding the issues raised by the appeal and failed to file either an opening brief or a motion for extension of time. The assistant disciplinary counsel has stipulated that no harm resulted from the respondent's failure to file an opening brief because the court of appeals granted an extension out of time to file an opening brief on the motion of the State Public Defender's Office. As the respondent has admitted, however, his conduct violated DR 6–101(A)(3) (neglect of a legal matter).

## C

The respondent represented Henry F. Bliss in the appeal of a criminal conviction. After Bliss's conviction was affirmed by the court of appeals on March 24, 1992, the respondent filed a petition for rehearing, which was denied. Although the respondent was supposed to file a petition for writ of certiorari, he failed to do so, and thus neglected a legal matter, contrary to DR 6–101(A)(3).

## D

The respondent also failed to file an opening brief, or a motion for extension of time, while representing William H. Lesney in the appeal of the latter's criminal conviction. The brief was due on October 30, 1991. On December 12, 1991, the appellate division of the State Public Defender's Office entered an appearance in the appeal, was granted an extension of time in which to file an opening brief, and thus, according to the stipulation, the client's rights were preserved. The respondent's conduct again violated DR 6–101(A)(3).

## E

In the final matter, the respondent represented a juvenile in the appeal of the juvenile's adjudication in delinquency. Although the court of appeals had already granted one request for an extension of time, the respondent still failed to file an opening brief or a timely motion for extension of time. As represented in the stipulation before us, the appellate division of the State Public Defender's Office entered an appearance in the appeal, was granted an extension of time in which to file an opening brief, and the juvenile client's rights were preserved.

## III

The respondent neglected six separate professional matters over a three-year period. Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986 & Supp.1992) (ABA *Standards*), in the absence of aggravating or mitigating factors, suspension is generally appropriate when "a lawyer engages in a pattern of neglect and causes injury or potential injury to a client." ABA *Standards* 4.42(b).

The respondent's misconduct is exacerbated by the fact that, at all times relevant to these proceedings, he was serving as a deputy state public defender. As a public official he is held to a high standard of

accountability. *See People v. Brown,* 840 P.2d 348, 351 (Colo.1992) (deputy state public defender disbarred for criminal conduct). Factors in aggravation include: (1) a pattern of misconduct (already taken into account to some extent in ABA *Standards* 4.42(b)), *id.* at 9.22(c); (2) multiple offenses, *id.* at 9.22(d); (3) the vulnerability of the victims due to their incarceration, *id.* at 9.22(h); and (4) the respondent's substantial experience in the practice of law, *id.* at 9.22(i).

In the absence of significant mitigating circumstances, a long rather than short period of suspension would be warranted. The assistant disciplinary counsel and the respondent have stipulated to the following facts, however:

a. At all relevant times during the underlying proceeding, respondent was employed by the State Public Defender's Office. He was assigned to the Durango Office, which is responsible for representing indigent criminal defendants in the Sixth and Twenty–Second Judicial Districts and which had a staff of two (2) lawyers. Respondent handled all court appointments in the Twenty–Second District, a juvenile docket in the Sixth District, as well as court appearances in such outlying communities as Silverton and Pagosa Springs.

b. Respondent is married and has three (3) children. The third child was born on June 14, 1990. On July 8, 1990, the newborn suffered a right parietal skull fracture. The subsequent care and treatment of the newborn, as well as the attendant circumstances of the accident, caused considerable personal and emotional problems for respondent.

c. In mid-September, 1990, the newborn started having further health problems. The newborn had ear surgery in late October, 1990, or early November, 1990, and additional surgery in December, 1990. During this time period, respondent and his wife were visiting a doctor three (3) days per week. The newborn was frequently hospitalized for intravenous antibiotic treatments and blood testing; also asthma and bronchial problems required trips to a specialist from Albuquerque, New Mexico.

Thus, mitigating factors include the absence of a prior disciplinary history, ABA *Standards* 9.32(a); the absence of a selfish or dishonest motive, *id.* at 9.32(b); the presence of serious personal and emotional problems, *id.* at 9.32(c); a cooperative attitude throughout the disciplinary proceedings (at least in No. 93SA200), *id.* at 9.32(e); a good character and professional reputation, *id.* at 9.32(g); the imposition of other penalties or sanctions (the respondent was discharged from his position as a deputy state public defender for his misconduct), *id.* at 9.32(k); and the presence of remorse, *id.* at 9.32(l).

Given these substantial factors in mitigation, we conclude that a short period of suspension is appropriate. We therefore accept the stipulation and agreement, and the recommendation of the inquiry panel.

IV

It is hereby ordered that Turman Curtis Bobbitt be suspended from the practice of law for thirty days, effective thirty days after the issuance of this opinion. C.R.C.P. 241.21(a). It is further ordered that Bobbitt pay the combined costs of these proceedings in the amount of $521.80 within sixty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80202.