**In the Matter of Turman Curtis BOBBITT, Attorney–Respondent.**

**No. 99SA58.**

Supreme Court of Colorado, En Banc.

May 10, 1999.

Linda Donnelly, Attorney Regulation Counsel, Deborah A. Elsas, Assistant Regulation Counsel, Denver, Colorado, Attorneys for Complainant.

Turman Curtis Bobbitt, Pro Se, Durango, Colorado.

PER CURIAM.

The respondent in this lawyer discipline case, Turman Curtis Bobbitt, executed a stipulation, agreement, and conditional admission of misconduct. *See* C.R.C.P. 241.18. An inquiry panel of the grievance committee approved the conditional admission, including its recommendation that Bobbitt be suspended for a year and a day and pay restitution to a former client. We accept the conditional admission and order that Bobbitt be suspended for a year and a day.

I. *The Conditional Admission*

Bobbitt was licensed to practice law in Colorado in 1983. The conditional admission provides that John Jay Susnik was convicted of domestic violence on March 11, 1996 in Dolores County Court. Two weeks later, Susnik was sentenced to six months in jail, with five months and twenty days suspended; a $500 fine, $250 suspended; and assessed

costs of $138. He had until April 8, 1996, to turn himself in or file an appeal.

Susnik hired Bobbitt to appeal the case to the district court, and paid him $1,500. Bobbitt entered his appearance and filed a notice of appeal on April 24, 1996. He obtained three extensions of time in which to file an opening brief. On January 31, 1997, the appeal was dismissed because Bobbitt had not filed an opening brief.

When Susnik did not appear for sentencing, Bobbitt obtained a continuance, but failed to inform Susnik of the date. Although he had not spoken to his client for several months, he misrepresented to the court that Susnik was ill on the day that had been reset for sentencing, so the court continued the sentencing date once more. When Susnik still did not appear, the court issued a bench warrant for his arrest and Susnik was arrested in Arizona and transported to Colorado. Susnik was sentenced to the full six months in jail and ordered to pay the entire $500 fine. Bobbitt indicated that he intended to appeal the sentence and obtained Susnik's release on bond.

Bobbitt again filed a notice of appeal. The second appeal was dismissed on July 15, 1997, for failure to file an opening brief. Susnik was to appear for imposition of sentence. Bobbitt obtained two continuances, misrepresenting to the court that Susnik was having car troubles when in fact Bobbitt had not even spoken to his client. Finally, Susnik was sentenced to six months in jail and ordered to pay a fine and costs totaling $826.29. Susnik served about four months in jail.

As Bobbitt has admitted, the foregoing conduct violated Colo. RPC 1.3 (neglecting a legal matter entrusted to a lawyer); 1.4(a) (failing to communicate with a client); 3.3(a) (knowingly making a false statement of material fact or law to a tribunal); and 8.4(d) (engaging in conduct prejudicial to the administration of justice).

II. *The Recommended Sanction*

The inquiry panel approved the conditional admission and its recommendation that Bobbitt be suspended for one year and one day

and be ordered to refund the $1,500 Susnik paid him for the appeal. The ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*) provides that a suspension is generally appropriate when: "(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client." ABA *Standards* 4.42.

Bobbitt has been disciplined before, which is an aggravating factor for analyzing the proper level of discipline. *See id.* at 9.22(a). In 1993, we suspended Bobbitt for thirty days for a pattern of misconduct similar to his conduct in this case. *See People v. Bobbitt*, 859 P.2d 902, 905 (Colo.1993). In mitigation, the conditional admission indicates that Bobbitt cooperated in these proceedings, *see* ABA *Standards* 9.32(e); and he has expressed remorse, *see id.* at 9.32(*l*).

Given the extent of the harm in this case and Bobbitt's prior discipline, we conclude that a long period of suspension is appropriate in this case, with the requirement that Bobbitt petition for reinstatement and that he demonstrate by clear and convincing evidence that he is once again fit to practice law. Accordingly, we accept the conditional admission and the inquiry panel's recommendation. However, at least two members of the court would have rejected the conditional admission because the recommended discipline was too lenient.

### III.

It is hereby ordered that Turman Curtis Bobbitt be suspended for one year and one day, effective thirty days after the issuance of this opinion. It is further ordered that prior to reinstatement, and as a condition of reinstatement, Bobbitt pay restitution to John Jay Susnik in the amount of $1,500 plus statutory interest from April 24, 1996, until paid. Bobbitt is also ordered to pay the costs of this proceeding in the amount of $48.00 within thirty days after the release of this opinion to the Attorney Regulation Committee, 600 Seventeenth Street, Suite 200 South, Denver, Colorado 80202–5432. Bob-

bitt shall not be reinstated until he has complied with C.R.C.P. 251.29.